UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------X
:
JANE DOE, :
:
          *Plaintiff*, :
:
:
   *-against-* :   1:20-cv-06569 (PAC)
:
CUBA GOODING, JR., :
:   **ORDER**
:
          *Defendant.* :
:
---------------------------------------------------------X

    Before the Court is Plaintiff Jane Doe's motion to reinstate the complaint, following the Court's order dismissing this case, without prejudice, on March 1, 2021. Mot. Reopen Case, ECF No. 8; Order of Dismissal, ECF No. 7. The Court dismissed the complaint because this case had been pending with no action for nearly seven months, as Doe has been unsuccessful in her attempts to serve process on Cuba Gooding, Jr. Though the complaint was originally filed within the applicable statute of limitations, Doe's refiled complaint would not be within that statute of limitations. Affirmation in Supp. ¶¶ 7–8, ECF No. 9.

    A dismissal without prejudice "is a final order from which an appeal lies"; thus, "relief setting aside the order of dismissal and restoring the case to the docket c[an] only . . . be[] granted pursuant to the authority of Rule 60(b)."[1] *Rinieri v. News Syndicate Co.*, 385 F.2d 818,

---

[1] Rule 4(m) anticipates that a court may grant relief from "the consequences of an application of [Rule 4(m)'s command to dismiss the action if a defendant is not served within 90 days after the complaint is filed]" by extending a plaintiff's time to effect service in the event that an applicable statute of limitations would bar a refiled action, or if the defendant is evading service. *See* Notes of Advisory Committee on Rules–1993 Amendment, *Subdivision (m)*, https://www.law.cornell.edu/rules/frcp/rule_4. Here, the Court dismissed the action before Doe

1

821 (2d Cir. 1967). Doe has deployed good faith efforts to serve Gooding, Jr., and has provided the Court with evidence that Gooding, Jr.'s evasion and difficulties attending the COVID-19 pandemic have hindered her efforts. Affirmation in Supp. ¶¶ 11–21.

Gooding, Jr.'s evasion constitutes misconduct warranting relief under Rule 60(b)(3). And because the proceedings at which Doe intended to serve Gooding, Jr. were delayed due to COVID-19 (Affirmation in Supp. ¶ 14), frustrating Doe's attempts to effect service, relief is also warranted under Rule 60(b)(6). Doe's motion to reopen the case, made only 11 days after the Court entered its order of dismissal, is timely. Fed. R. Civ. P. 60(c)(1).

Accordingly, Doe's motion to reopen the case is granted. Doe must serve Gooding, Jr. no later than 45 days from the date this order is filed, i.e., April 30, 2021. If Doe is unable to effect service in that time, the Court will dismiss the case again, pursuant to Rule 4(m).

Dated: New York, New York
      March 16, 2021

SO ORDERED

*[signature: Paul A. Crotty]*

HONORABLE PAUL A. CROTTY
United States District Judge

---

showed good cause for an extension. Thus, Rule 60(b) is the applicable authority for reinstating the action, and Rule 4(m) is the applicable authority for extending Doe's time in which to effect service.