UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
        JANE DOE,

                              *Plaintiff*,

            *-against-*

        CUBA GOODING, JR.,

                             *Defendant.*
------------------------------------------------------------------x

20-cv-06569 (PAC)

**ORDER & OPINION**

Plaintiff Jane Doe ("Plaintiff") sued Cuba Gooding, Jr. ("Defendant," "Gooding, Jr."), alleging that he forcibly raped her in 2013. Three motions from Plaintiff are before the Court: (1) a motion to proceed pseudonymously, or, in the alternative, to seal this case; (2) a motion to seal two declarations revealing the real names of Plaintiff and Jane Doe #2[1] (the "True Identity Declarations"); and (3) a motion for default judgment. Defendant has completely failed to engage with this case. Accordingly, the Court (i) grants Plaintiff's motions to proceed pseudonymously and to seal the True Identity Declarations, without prejudice to a future challenge from Defendant if and when he responds to this order; (ii) grants Plaintiff's motion for default judgment as to Defendant's liability; and (iii) reserves judgment as to damages, attorneys' fees, and costs. Defendant is ordered to enter an appearance by September 7, 2021. After September 7, the Court will convene a conference to determine whether a hearing is necessary.

---

[1] Jane Doe #2 is not a plaintiff in this case. She is a third party who submitted a declaration in support of Plaintiff's motion for default judgment, which details the sexual assault Jane Doe #2 allegedly suffered at Defendant's hands. *See* Decl. of Casey Wolnowski Supp. Default J. Ex. 6, Decl. of Jane Doe #2 ¶¶ 3–11, ECF No. 20–6.

1

## BACKGROUND

Plaintiff alleges that Gooding, Jr. forcibly raped her in 2013. *See* Compl. ¶¶ 8–23, ECF No. 1. On August 18, 2020, Plaintiff filed her complaint against Defendant, alleging that his rape was a crime of violence committed against her on the basis of, and with animus towards, her gender, in violation of New York City's Gender-Motivated Violence Protection Law, New York City Administrative Code § 10–1101, *et seq.* ("VGM"). Compl. ¶¶ 31–34; *see also* Pl.'s Mem. Supp. Mot. Default J. 8, ECF No. 21. Plaintiff simultaneously filed a motion to proceed pseudonymously or, alternatively, under seal. Mot. Seal Case and/or Proceed Pseudonymously, ECF No. 4. On August 20, 2020, the Court ordered Defendant to respond to the motion to proceed pseudonymously by September 10, 2020. Text Order dated Aug. 20, 2020. Defendant never responded, and no other activity occurred on the docket until March 2021.

On March 1, 2021, the Court dismissed the case without prejudice for failure to prosecute. Order of Dismissal, ECF No. 7. Plaintiff promptly moved to reopen the case. Mot. to Reopen Case, ECF No. 8. The Court granted Plaintiff's motion on March 16, 2021, and directed Plaintiff to serve Gooding, Jr. by April 30, 2021. Order Granting Mot. to Reopen Case, ECF No. 10. Plaintiff effected service on April 22, and Defendant failed to answer by the May 13 deadline. *See* Decl. of Casey Wolnowski Supp. Default J. ("Wolnowski Decl.") Ex. 1, Aff. of Service, ECF No. 20–1. On May 14, Plaintiff obtained a certificate of default from the Clerk of Court. Wolnowski Decl. Ex. 2, Clerk's Certificate of Default, ECF No. 20–2. Then, on July 26, 2021, Plaintiff moved for default judgment and to seal the True Identity Declarations. Pl.'s Mot. Default J., ECF No. 19; Pl.'s Mot. Seal True Identity Decls., ECF No. 16.

## DISCUSSION

I. **Plaintiff's Motion to Proceed Pseudonymously**

Federal Rule of Civil Procedure 10(a) requires a complaint to name all parties. Fed. R. Civ. P. 10(a). "This Rule 'serves the vital purpose of facilitating public scrutiny of judicial proceedings,'" and it "cannot be set aside lightly." *Doe v. Weinstein*, 484 F. Supp. 3d 90, 93 (quoting *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188, 189 (2d Cir. 2008)). The district court may grant an exception to this disclosure rule if "the plaintiff has a 'substantial privacy' interest that 'outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Id.* (quoting *Sealed Plaintiff*, 537 F.3d at 189). To that end, the Second Circuit has identified a non-exhaustive list of ten factors that a district court should consider in determining whether to permit a plaintiff to proceed under a pseudonym. *Sealed Plaintiff*, 537 F.3d at 190.[2]

Plaintiff has satisfied some, but not all, of the *Sealed Plaintiff* factors. The allegations in this case explicitly describe heinous sex acts perpetrated against Plaintiff (including vaginal and

---

[2] "(1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff." *Sealed Plaintiff*, 537 F.3d 190 (internal citations, quotation marks, and alterations omitted).

3

anal rape, without a condom, after luring Plaintiff into Defendant's hotel room on false pretenses). Compl. ¶¶ 14–22. Plaintiff has recounted her embarrassment, depression, and suicidal ideation resulting from this episode with Defendant. Wolnowski Decl. Ex. 3, Decl. of Jane Doe ¶¶ 20–25, ECF No. 20-3. Plaintiff's allegations of sexual assault are unquestionably "highly sensitive and of a personal nature," but that alone does not carry her burden. Pl.'s Mem. Supp. Mot. Seal Case and/or Proceed Pseudonymously 3, ECF No. 5 ("Pl.'s Mem. Supp. Pseudonym"); *Weinstein*, 484 F. Supp. 3d at 94. However, Plaintiff also represents that (1) she "is likely to suffer social stigma as a victim of these crimes," (2) "permitting the details of these highly personal claims to be publicly associated with her may impact her family if her identity were revealed at this stage," and (3) "[t]he personal nature of the allegations informs other factors too, including whether identification poses a risk of retaliatory physical or mental harm to the plaintiff or to innocent non-parties (such as their families), and whether the identification presents other, severe harms." Pl.'s Mem. Supp. Pseudonym 4. While these claims would be stronger with more explanation of what those harms might be, where they might originate from, or the likelihood of their occurrence, the Court finds Plaintiff's representations sufficient to justify pseudonymity at this stage.

Defendant's failure to appear precludes the Court from discerning whether he would suffer any prejudice from allowing Plaintiff to proceed as Jane Doe, especially since he already knows her identity. Pl.'s Mem. Supp. Pseudonym 4. And the use of a pseudonym is a narrowly-tailored solution for protecting Plaintiff's confidentiality while maximizing the amount of information about this case that the public may receive (as opposed to requiring Plaintiff to disclose her real name but filing the entire case under seal). *See Valassis Commc'ns, Inc. v. News Corp.*, No. 17-cv-7378, 2020 WL 2190708, at *1 (S.D.N.Y. May 5, 2020) ("[R]edacting

4

sensitive information is a preferable alternative to sealing an entire document."); *Doe v. Doe*, No. 20-CV-5329, 2020 WL 6900002, at *4–5 (E.D.N.Y. Nov. 24, 2020). Accordingly, Plaintiff's motion to proceed pseudonymously is granted, without prejudice to future objection from Defendant.

## II. Plaintiff's Motion to Seal the True Identity Declarations

Plaintiff concedes that the True Identity Declarations, which she submitted in support of her motion for default judgment, are judicial documents. Pl.'s Mot. Seal True Identity Decls. 1–2; *see also United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) (*Amodeo I*) (judicial documents are those "relevant to the performance of the judicial function and useful in the judicial process"). "Judicial documents are subject at common law to a potent and fundamental presumptive right of public access that predates even the U.S. Constitution." *Mirlis v. Greer*, 952 F.3d 51, 58 (2d Cir. 2020) (citations omitted). This common law presumptive right of access "requires a court to make specific, rigorous findings before sealing the [judicial] document or otherwise denying public access." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 141 (2d Cir. 2016) (citation omitted). Before sealing a document, the court must (1) determine whether the document is a judicial document; (2) if it is a judicial document, decide how much weight to give the presumption of access; and (3) determine whether the factors that weigh against public disclosure outweigh the presumption of access. *Mirlis*, 952 F.3d at 59. The presumption of access is heavy where the judicial document directly affects an adjudication, and light where the document's role in the court's performance of its Article III duties is negligible. *Bernstein*, 814 F.3d at 142.

The First Amendment independently safeguards the public's presumptive right to access certain judicial documents. *Bernstein*, 814 F.3d at 141. Where the First Amendment right of

access applies, a court may seal judicial documents "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest," but "[b]road and general findings" are insufficient. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (quoting *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)). The First Amendment presumptive right of access applies to judicial documents submitted in connection with a motion for default judgment, because it is a dispositive motion. *See Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 166 (S.D.N.Y. 2018); *City of Almaty, Kazakhstan v. Sater*, No. 19-CV-2645, 2019 WL 5963438, at *1–2 (S.D.N.Y. Nov. 13, 2019); *Lugosch*, 435 F.3d at 126. Thus, "the [documents] at issue enjoy a qualified right of access under both the common law and the First Amendment," and the Court need only consider Plaintiff's sealing motion "under the 'stronger' First Amendment right." *United States v. Sater*, No. 98-CR-1101, 2019 WL 3288389, at *2 (E.D.N.Y. July 22, 2019) (quoting *United States v. Erie Cnty., N.Y.*, 763 F.3d 235, 239 (2d Cir. 2014)).

Countervailing factors that weigh against public disclosure include "the privacy interests of those resisting disclosure." *Lugosch*, 435 F.3d at 120 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) (*Amodeo II*)). Courts frequently recognize the privacy interest in protecting "the identity of a sexual assault victim" as "an important and recognized basis to limit public access" to judicial documents. *See, e.g., Kemp v. North*, No. 20-CV-9121, 2021 WL 1512712, at *2 (S.D.N.Y. Apr. 15, 2021) (collecting cases). Courts assign especially heavy weight to innocent third parties' privacy interests. *Amodeo II*, 71 F.3d at 1050–51.

The Court has already explained the basis for redacting Plaintiff's name from the record. Jane Doe #2 also has a substantial privacy interest in maintaining her anonymity, for similar reasons. *See* Wolnowski Decl. Ex. 6, Decl. of Jane Doe #2 ¶¶ 3–11, ECF No. 20–6 (describing

Defendant's attempt to digitally penetrate Jane Doe #2's anus, against her will, at a film festival). As a non-party sexual assault victim, Jane Doe #2's privacy interests receive heavy weight in the sealing analysis. Accordingly, the Court finds that (1) Plaintiff's and Jane Doe #2's substantial privacy interests outweigh the presumptive right of public access to the True Identity Declarations; and (2) sealing the True Identity Declarations is a narrowly-tailored means of protecting their privacy interests. *See Doe v. Doe*, 2020 WL 6900002, at *4–5; *Scott v. Graham*, No. 16-CV-2372, 2016 WL 6804999, at *2 (S.D.N.Y. Nov. 17, 2016) ("[R]edact[ing] the names of the victim and her mother (as opposed to requesting that the Court seal this entire proceeding) is 'narrowly-tailored' to serve the higher value of safeguarding the victim's identity."). Plaintiff's motion to seal the True Identity Declarations is granted, without prejudice to Defendant's right to object in the future.

### III. Plaintiff's Motion for Default Judgment

Federal Rule of Civil Procedure 55 "provides a 'two-step process' for the entry of judgment against a party who fails to defend: first, the entry of a default, and second, the entry of a default judgment." *City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (quoting *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005)). "[T]he entry of a default[] formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff." *Id.* Then, "the entry of a default judgment[] converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled, to the extent permitted by Rule 54(c)." *Id.* Although the entry of default establishes liability, it does not constitute an admission of damages. *Id.* The court has the authority "to 'conduct hearings or make referrals' as may be necessary, *inter alia*,

7

to determine the amount of damages or establish the truth of the plaintiff's allegations." *Id.* at 129 (citing Fed. R. Civ. P. 55(b)(2)(B)–(C)).

"[T]he Clerk of the Court must enter the default if defendant fails to 'plead or otherwise defend' in response to a properly served and filed complaint." *Antoine v. Brooklyn Maids 26, Inc.*, 489 F. Supp. 3d 68, 80 (E.D.N.Y. 2020) (quoting Fed. R. Civ. P. 55(a); *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504 (2d Cir. 2011)). But a plaintiff is not entitled to a default judgment simply because she has obtained an entry of default; instead, the court will consider three factors in determining whether to grant a default judgment: "(1) whether the defendant's default was willful; (2) whether defendant has a meritorious defense to plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." *Antoine*, 489 F. Supp. 3d at 80 (citation omitted); *Lent v. CCNH, Inc.*, No. 13-CV-942, 2015 WL 3463433, at *3 (N.D.N.Y. June 1, 2015) ("[S]imply because a party is in default, the plaintiff is not entitled to a default judgment as a matter of right.").

Here, all three factors tip in Plaintiff's favor. *First*, Defendant's failure to appear in this case or answer the complaint after being properly served indicates that his default was willful. *Santana v. Latino Express Rests., Inc.*, 198 F. Supp. 3d 285, 291 n.2 (S.D.N.Y. 2016); *Antoine*, 489 F. Supp. 3d at 80; *see also* Order Granting Mot. to Reopen Case 2 (noting Defendant's evasion of service of process). *Second*, the Court has no way to determine whether Defendant has any meritorious defense, because the Defendant has not appeared and argued any. *Santana*, 198 F. Supp. 3d at 291 n.2; *Antoine*, 489 F. Supp. 3d at 82. *Third*, this case has been on the Court's docket for nearly a year, without any forward progress until now; Plaintiff would be prejudiced if the Court denied her motion and required her to continue waiting indefinitely for

Defendant to engage with the judicial process. *Santana*, 198 F. Supp. 3d at 291 n.2; *Antoine*, 489 F. Supp. 3d at 90; Pl.'s Mem. Supp. Mot. Default J. 6.

Upon reviewing Plaintiff's submission, the VGM, and related caselaw, the Court determines that the facts Plaintiff alleges, which the Court accepts as true, are sufficient to support her claim under the VGM. *See Hughes v. Twenty-First Century Fox, Inc.*, 304 F. Supp. 3d 429, 455 (S.D.N.Y. 2018) (setting forth the following elements a plaintiff must prove to establish a VGM claim: "(1) the alleged act constitutes a misdemeanor or felony against the plaintiff; (2) presenting a serious risk of physical injury; (3) that was perpetrated because of plaintiff's gender; (4) in part because of animus against plaintiff's gender; and [(5)] resulted in injury."); *Breest v. Haggis*, 115 N.Y.S.3d 322, 330 (N.Y. App. Div. 1st Dep't 2019) (holding that allegations of rape or sexual assault are, by themselves, sufficient to plead animus based on the victim's gender on a VGM claim); *see also id.* at 325–26 (describing defendant's concession that rape is a crime of violence committed "because of gender or on the basis of gender"). Accordingly, the Court grants Plaintiff's motion for default judgment as to Defendant's liability for the acts alleged in her complaint.

The Court reserves ruling on the issue of damages, however. Although an inquest on damages is not mandatory, the Court deems it useful here. *See Garcia v. Comprehensive Ctr., LLC*, No. 17-CV-8970, 2018 WL 3918180, at *2, *6 (S.D.N.Y. Aug. 16, 2018); *see also Doe v. Green*, No. 17-CV-1765, 2021 WL 2188148, at *1 (S.D.N.Y. May 28, 2021) (noting referral to magistrate judge "for an inquest into damages and attorney's fees" in Eighth Amendment sexual assault case).[3] Plaintiff seeks $2 million in compensatory damages and $4 million in punitive

---

[3] Further, Federal Rule of Civil Procedure 54(c) requires that a default judgment not "exceed in amount[] what is demanded in the pleadings." Fed. R. Civ. P. 54(c). Plaintiff's complaint does not specify an amount of damages. *See* Compl. 6–7.

damages. Plaintiff's declaration (which discusses her mental and emotional problems following the Defendant's alleged attack) provides some basis for this request, but it is not enough for the Court to conclude, at this stage, that these amounts are warranted. *See Lent*, 2015 WL 3463433, at *11. "Damages, which are neither susceptible of mathematical computation nor liquidated as of the default, usually must be established by the plaintiff in an evidentiary proceeding in which the defendant has the opportunity to contest the amount." *Henry v. Bristol Hosp., Inc.*, No. 13-cv-00826, 2020 WL 7773418, at *2 (D. Conn. Dec. 30, 2020) (quoting *Greyhound Exhibitgroup v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)). Thus, the Court will conduct an inquest into damages, as well as attorneys' fees and costs,[4] and give Defendant an opportunity to appear and argue for a lesser award.

## CONCLUSION

Plaintiff's motions to proceed pseudonymously and to seal the True Identity Declarations are granted. Plaintiff's motion for default judgment is granted as to Gooding, Jr.'s liability, but the Court reserves judgment as to damages, attorneys' fees, and costs. Gooding, Jr. is ordered to enter an appearance in this case by Tuesday, September 7, 2021. After September 7, the Court will convene a conference to determine whether a hearing is necessary for the damages inquest.

The Clerk of Court is directed to close the motions at ECF numbers 4, 16, and 19.

Dated: New York, New York
July 29, 2021

SO ORDERED

*[signature]*
HONORABLE PAUL A. CROTTY
United States District Judge

---

[4] The Court reserves judgment on what is a reasonable award of attorneys' fees and costs because Plaintiff's counsel may need to do further work in light of this order, and that further work might affect the amount Plaintiff seeks.