# SAPONE & PETRILLO, LLP

William S. Petrillo, Esq., Partner                                                      Michael Vitaliano, Esq., Associate
Edward V. Sapone, Esq., Partner

MANHATTAN                                                                                                   LONG ISLAND

40 Fulton Street, 17th Floor                                                               1103 Stewart Avenue, Suite 200
New York, New York 10038                                                                Garden City, New York 11530
Telephone: (212) 349-9000                                                                Telephone: (516) 678-2800
Facsimile: (212) 349-9003                                                                Facsimile: (516) 977-1977
E-mail: ed@saponepetrillo.com                                                    E-mail: william@saponepetrillo.com

September 22, 2021

Hon. Paul A. Crotty
United States District Judge
United States District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007

                                *Re*:    *Jane Doe v. Cuba Gooding, Jr.*
                                             Case No. 1:20-cv-06569(PAC)

Dear Judge Crotty:

      I am counsel for Defendant Cuba Gooding, Jr. ("Mr. Gooding") in the above-referenced case, having filed a timely notice of appearance prior to September 7, 2021, the date by which the Court had ordered Mr. Gooding to retain counsel. I write this letter in support of Mr. Gooding's request that the Court vacate the default judgment, dated July 26, 2021 and pursuant to the Court's Order to Show Cause dated September 15, 2021 (Docket Entry ("DE") 27). Plaintiff consents to this motion. *See* Stipulation dated September 7, 2021, DE 26, Exhibit C herein.

      In addition to Plaintiff's consent, the relief requested is appropriate under Fed. R. Civ. P. 55(c) because good cause otherwise exists to set aside entry of the default

judgment. In particular, Mr. Gooding's default was not willful, setting aside the default will not prejudice Plaintiff, and Mr. Gooding should have his day in court, as he has a meritorious defense.

"[B]ecause defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993).

Under Federal Rule of Civil Procedure 55(c), a court "may set aside an entry of default for good cause." *See* Fed. R. Civ. P. 55(c). When determining whether good cause exists, courts consider the following criteria: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Enron Oil,* 10 F.3d at 96. The court must weigh all factors, and "[a] finding that one factor militates against good cause is not dispositive." *Murray Eng'g, P.C. v. Windermere Properties LLC*, No. 12 Civ. 52 (JPO), 2013 WL 1809637 at 4 (S.D.N.Y. 2013).

The Second Circuit has expressed a "preference for resolving disputes on the merits." *Enron Oil Corp.,* 10 F.3d at 95. Accordingly, "[g]ood cause 'should be construed generously.'" *Fischer v. Forrest*, No. 14 Civ. 1307 (PAE), 2014 WL 2717937, at 2 (S.D.N.Y. June 16, 2014) (citing *Enron Oil Corp.*, 10 F.3d at 96).

**SAPONE & PETRILLO, LLP**                                    Hon. Paul A. Crotty
                                                              September 22, 2019
                                                              Page-3-

I. <u>The Default Was Not Willful</u>

Mr. Gooding's default was not willful. On April 22, 2021, Plaintiff's process server delivered a copy of the Summons and Complaint to a doorman at an apartment building located at 60 Collister Street, New York, NY 10013, where Mr. Gooding's girlfriend, Claudine De Niro, lived. Mr. Gooding, however, has never resided there. *See* Exhibits A and B. The doorman, in turn, did not want to accept it, and did not even give his name to the process server. Mr. Gooding resided in Miami, Florida from October 2020 through June 2021. *See* Exhibits A and B. Mr. Gooding did not receive a copy of the Summons and Complaint until undersigned showed Mr. Gooding a copy of same on August 3, 2021. *See id*.

Therefore, because Mr. Gooding never resided in the apartment building where service was attempted and he had never otherwise been given a copy of the Summons and Complaint until after entry of the default, the default was not willful. *See, e.g., Haley v. Weinstein*, 2021 WL 707074, at *1 (S.D.N.Y. 2021)("The Court is unaware of any conduct to support a conclusion that Defendant's default was willful.").[1]

II. <u>Plaintiff Will Not Suffer Prejudice</u>

The second factor, whether *vacatur* of the default will prejudice Plaintiff, also militates towards a finding of good cause.

---

[1]   Defendant has agreed to waive any objections to service as part of the Stipulation vacating the default in this case. See Exhibit C.

**SAPONE & PETRILLO, LLP**　　　　　　　　　　　　　　　　　　　Hon. Paul A. Crotty
September 22, 2019
Page -4-

A showing of prejudice requires a plaintiff to demonstrate that defendant's delay will "result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983). "Prejudice to the non-defaulting party is 'the single most persuasive reason for denying a Rule 55(c) motion.'" *Murray*, 2013 WL 1809637 at *5 (*quoting* 10A Charles Allen Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2699 (3d ed. 2010)).

Here, we are aware of no loss of evidence, increased discovery difficulties, or any opportunity for fraud or collusion. Respectfully, Plaintiff waited approximately seven years from the date of the alleged incident in 2013 to commence an action against Mr. Gooding, who has consistently remained visible in the public eye. He has appeared on Broadway, has worked on newsworthy projects and has otherwise been in the news. If the Court were to set aside the default, Plaintiff would not suffer any prejudice, as Plaintiff attempted service of the Summons and Complaint on April 22, 2021, only five months ago. Plaintiff's decision to delay for seven years her accusations against Mr. Gooding strongly suggests that the five-month passage of time since April 2021 will not unduly prejudice her. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993) (finding that delay alone does not establish prejudice and that plaintiff who waited more than a year to file its notice of application for entry of default was not prejudiced due to further delay).

**SAPONE & PETRILLO, LLP**                                            Hon. Paul A. Crotty
                                                                      September 22, 2019
                                                                      Page-5-

Importantly, Defendant has agreed to pay $7,500 to Plaintiff, representing the attorneys' fees associated with Plaintiff preparing and filing the default motion in this case, eliminating any economic costs associated with Defendant's default.

And, perhaps most significantly, Plaintiff, herself, implicitly agrees that she has suffered no prejudice, as she agrees to vacate the default. *See* Exhibit C, Stipulation.

### III. Defendant Has A Meritorious Defense

Mr. Gooding has a meritorious defense.

The Second Circuit has made clear that a defendant who seeks to vacate an entry of default is required to present "some evidence beyond conclusory denials to support his defense." *Enron Oil Corp.*, 10 F.3d at 98. *See also Haley v. Weinstein*, 2021 WL 707074, at *2 (S.D.N.Y., 2021). But that evidence "need not establish his defense conclusively," *McNulty*, 137 F.3d at 740.  Moreover, "[a] defense is meritorious if it is good at law so as to give the fact finder some determination to make." *American Alliance Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996) (quoting *Anilina Fabrique de Colorants v. Aakash Chemicals and Dyestuffs, Inc.*, 856 F.2d 873, 879 (7th Cir. 1988)). Thus, recognizing that a motion to vacate is not the appropriate place to try the case, the defaulting party need only reasonably claim a defense which, if later believed by the trier of fact, would be sufficient; thus, conclusive evidence of the defense is not required at this stage of the proceedings. *See Am. All. Ins. Co. v. Eagle Ins. Co.*, 92 F.3d at 59.

**SAPONE & PETRILLO, LLP**  

Hon. Paul A. Crotty  
September 22, 2019  
Page-6-

Here, Mr. Gooding, who wishes to remain respectful of Plaintiff and her counsel, does not wish at this time to divulge all of his defenses. He recognizes that this is not the time to try the case. He also recognizes, however, that he must provide more than conclusory statements of his defense. Accordingly, Mr. Gooding confirms that he and at least two additional witnesses will testify before a trier of fact and will demonstrate that Plaintiff was not vaginally raped; nor was she anally raped or held in any hotel room against her will. Mr. Gooding will produce not only competent direct trial testimony; he will also demonstrate circumstantially that Plaintiff was not raped in any way or forced to do anything against her will. Mr. Gooding will testify, and call witnesses who are expected to testify, that Plaintiff did not appear reluctant to go to his hotel room. Mr. Gooding and the witnesses are further expected to testify that, immediately after the alleged rape, Plaintiff did not lodge any complaint to the police, or to hotel management. Instead, Plaintiff had drinks in the hotel lobby, spent time with friends, and then went home. Mr. Gooding will further testify and call at least one witness at trial to establish that she never went to a hospital and he was never contacted by any member of law enforcement or by any lawyer on Plaintiff's behalf. It was not until more than seven years after the alleged rape that a lawyer for Plaintiff attempted to contact Mr. Gooding.

**SAPONE & PETRILLO, LLP**

Hon. Paul A. Crotty
September 22, 2019
Page -7-

## Conclusion

For all the above-detailed reasons and consistent with the Stipulation executed by counsel for Plaintiff and Mr. Gooding, we respectfully ask Your Honor to vacate the default so that Mr. Gooding may have his day in court to defend against Plaintiff's very serious accusations.

Respectfully submitted,

*Edward Sapone (NK)*

Edward V. Sapone
Sapone & Petrillo, LLP
Counsel to Defendant
Cuba Gooding, Jr.
40 Fulton Street / 17th Floor
New York, NY 10038
(O): (212) 349-9000
(C): (917) 597-7676
www.saponepetrillo.com