**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------X     Case No.: 1:20-cv-06569-PAC

JANE DOE,

                                        Plaintiff,              **JURY TRIAL**
                   - against -                                  **DEMANDED**

CUBA GOODING, JR.,

                                        Defendant.

--------------------------------------------------------------X

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Cuba Gooding, Jr. (hereafter "Mr. Gooding" or "Defendant"), by and through his counsel, Sapone & Petrillo, LLP, answers the Complaint of Plaintiff Jane Doe ("Plaintiff") and asserts his Affirmative Defenses as follows:

## NATURE OF THE CASE

1.  Admits that Plaintiff has filed a Complaint pursuant to New York City's Victims of Gender-Motivated Violence Protection Law (hereafter "VGM"). Defendant denies all remaining allegations contained in paragraph 1 of the Complaint.

## JURISDICTION AND VENUE

2.  Paragraph 2 of the Complaint contains conclusions of law that should respectfully be referred to the Court, and to which no response is required by Defendant. Should a response be required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the conclusions of law contained in paragraph 2 of the Complaint. Defendant admits, however, that this Court has jurisdiction over the subject matter.

3.  Paragraph 3 of the Complaint contains conclusions of law that should respectfully be referred to the Court, and to which no response is required by Defendant. Should a response be required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the conclusions of law contained in paragraph 3 of the Complaint. Defendant admits, however, that venue is proper.  Defendant denies all remaining allegations contained in paragraph 3 of the Complaint.

## PARTIES

4.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5[1] of the Complaint.

5.  Admits the allegations contained in paragraphs 6 and 7 of the Complaint.

## MATERIAL FACTS

6.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 8 through 15 of the Complaint.

7.  Denies the allegations contained in paragraphs 16 through 22 of the Complaint.

8.  Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 23 of the Complaint.

9.  Paragraph 24 consists of Plaintiff's characterization of the action and conclusions of law that should respectfully be referred to the Court, and to which no response is required.

10.  Denies all of the allegations contained in paragraphs 25 through 30 of the Complaint.

---

[1] Plaintiff's complaint is missing a paragraph number 4 and therefore this answer corresponds to paragraph 5.

## AS A FIRST CAUSE OF ACTION UNDER THE VGM

12.  Defendant repeats and reiterates his responses to paragraphs 1 through 30 of the Complaint with the same force and effect as if set forth fully herein.

13.  Paragraphs 31 through 33 of the Complaint contain conclusions of law that should respectfully be referred to the Court, and to which no response is required by Defendant. Should a response be required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the conclusions of law contained in paragraphs 31 through 33 of the Complaint.

14.  Denies the allegations contained in paragraph 34 of the Complaint.

## JURY DEMAND

15.  Paragraph 35 states various demands for relief to which no response is required but, should a response be required, Defendant denies that Plaintiff is entitled to relief.

16.  Defendant denies any other allegations in the Complaint that are not specifically admitted or denied.

## AFFIRMATIVE DEFENSES

17.  In further response to Plaintiff's Complaint, Defendant asserts the following affirmative defenses without conceding that he bears the burden of persuasion as to any of them except those deemed affirmative defenses by law regardless of how such defenses are denominated.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

18. Defendant asserts that Plaintiff's causes of action are time-barred because the statute of limitations revival provisions of the VGM, on their face, violate the Due Process rights of

Defendant under the Fifth and Fourteen Amendments of the U.S. Constitution and Article 1, § 6 of the NY Constitution.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

19. Even if the statute of limitations revival provisions of the VGM are found not to be unconstitutional on their face, as applied in this case the provisions violate the Due Process rights of Defendant under the Fifth and Fourteenth Amendments of the U.S. Constitution and Article 1, § 6 of the NY Constitution.

20. Plaintiff decided to wait until six days shy of seven years to file her Complaint.

21. Plaintiff's decision to wait until six days shy of seven years to file her Complaint has prejudiced Defendant insofar as Defendant has lost the ability to fully defend himself.

22. For example, all video-recorded evidence—such as from the hotel, restaurant/lounge, bar, vehicle for hire, Plaintiff's residence, and NYC "pole cams"—that otherwise would have been available at the situs of the torts she alleges and at other key locations, are no longer available to Defendant. Such evidence would have substantially aided Defendant's case as much as it would have substantially disproven key aspects of Plaintiff's claims.

23. By way of further example, Defendant believes that he would have secured multiple witnesses who are no longer available to Defendant due to the passage of almost seven years. Defendant believes that such witnesses would have provided testimony that would have substantially aided Defendant's case as much as it would have substantially disproven key aspects of Plaintiff's claims.

24. In sum, Plaintiff's decision to wait almost seven years to file her complaint has stripped Defendant of his right to fully defend himself, as memories have, no doubt, faded.

And documentary and other physical evidence, including that referenced above and other forms of proof—such as from the NYPD, which, upon information and belief, investigated Plaintiff's claims and refused to arrest Defendant—is no longer available. This loss of evidence undermines Defendant's ability to defend against the allegations in the Complaint to such a degree that allowing the lawsuit to proceed would violate Defendant's rights under the Fifth and Fourteenth Amendments of the U.S. Constitution and Article 1, § 6 of the NY Constitution.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

25. Recovery, if any, by Plaintiff should be governed by the provisions of NY CPLR § 4545.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

26. Defendant asserts that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

27. Defendant asserts that recovery in this case is barred by the statute of limitations.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

28. The Complaint fails to state a cause of action.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

29. The Complaint, and each Cause of Action in the Complaint, fails to set forth facts that comply with NY CPLR § 3013.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

30. Plaintiff's Causes of Action are barred by the doctrine of laches. Defendant asserts that Plaintiff has waited an unreasonably long time to file this lawsuit, and Defendant's ability to defend this lawsuit has been severely prejudiced due to this unreasonable delay by denying him access to, among other things, documents or other physical evidence, witnesses and a reasonably fresh recollection of the events giving rise to this lawsuit.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

31. Plaintiff's injuries and damages, if any, are speculative, cannot be shown to exist in fact and, to the extent that they do exist, are due to Plaintiff's failure to mitigate and contain damages.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

32. The damages sustained by Plaintiff, if any, were caused in whole or in part by the culpable conduct of the Plaintiff, and the amount of damages recoverable, if any, should be diminished by the proportion of which the culpable conduct is attributed.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

33. By and through Plaintiff's conduct, Plaintiff is estopped from asserting the alleged causes of action against Defendant.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

34. Each and every purported claim for relief asserted against Defendant is barred by the doctrine of unclean hands, pursuant to the actions of the Plaintiff taken in bad faith.

35. Defendant presently has insufficient knowledge or information on which to form a basis as to whether he has additional as yet unstated available defense. Defendant also

reserves the right to assert additional defenses if discovery indicates that additional defenses would be appropriate.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant Cuba Gooding, Jr. respectfully requests that this Court enter judgment against Plaintiff as follows:

a)  Dismissing the Complaint against Defendant in its entirety with prejudice;

b)  Awarding Defendant costs and attorneys' fees as authorized by law; and

c)  Granting Defendant such other and further relief as this Court deems just and proper.

Dated:  New York, New York
        October 25, 2021

By:  */s/Edward V. Sapone*
     Edward V. Sapone, Esq.
     Monica I. Sapone, Esq.
     Sapone & Petrillo, LLP
     40 Fulton Street, 17th Floor
     New York, New York 10038
     Tel: (212) 349-9000
     Email: ed@saponepetrillo.com
     *Attorneys for Defendant*
     *Cuba Gooding, Jr.*