

**NISAR LAW GROUP, P.C.**
One Grand Central Place
60 East 42nd Street, Suite 4600
New York, NY 10165

**Casey J. Wolnowski,** *Senior Managing Counsel*
Email: cwolnowski@nisarlaw.com
Direct: (646) 889-1007
Fax: (516) 604-0157

May 4, 2022

<u>*Via ECF*</u>
Hon. Gabriel W. Gorenstein, U.S.M.J.
U.S. District Judge (S.D.N.Y.)
500 Pearl Street
New York, NY 10007-1312

MEMORANDUM ENDORSED

> **Re:**  *Jane Doe v. Cuba Gooding, Jr.*
> **Index No. 1:20-cv-06569-PAC-GWG**

*Letter Motion Seeking Preclusion of Defendant Obtaining Protective Order*

Your Honor:

  This firm represents the plaintiff Jane Doe ("Plaintiff") in the above-captioned matter. This letter is being submitted with respect to so much of the Court's April 13, 2022 Opinion and Order which directed the parties "to submit a draft protective order to Judge Gorenstein by May 4, 2022." For the reasons discussed infra, Plaintiff respectfully submits that Defendant has abandoned seeking a protective order allowing for limited disclosure of Plaintiff's name during discovery and requests the Court issue an Order precluding Defendant from obtaining same.

  By way of background, on December 3, 2021, Defendant filed a motion seeking, insofar as is relevant, to amend any pleadings and filings to reference Plaintiff by her real name instead of by the pseudonym "Jane Doe." (ECF #36). On April 13, 2022, the Court entered an Opinion and Order ultimately denying this request and, instead, allowed Plaintiff to proceed under a pseudonym but stated that the Court shall implement a protective order for use during the discovery period allowing for limited use of Plaintiff's name, and directed the parties to submit a proposed draft protective order to Your Honor for consideration by the Court no later than May 4, 2022. (ECF #63).

  Plaintiff posits that Defendant has ultimately abandoned the relief granted by the Court in its April 13, 2022 Order and Opinion, and as such, the Court should preclude Defendant from use of a protective order. Since April 13, 2022, Plaintiff's counsel has not received any correspondence from Defendant regarding the proposed scope or language for a draft protective order. Plaintiff's counsel has nevertheless reached out to Defendant's counsel, who has not responded. Notably, this morning (at 11:07 AM ET on May 4, 2022), Plaintiff's counsel (the undersigned) emailed Defendant's attorney of record (Mr. Edward Sapone) and wrote the following:

Hi Ed, I'm writing you regarding the Doe/ Gooding Jr. matter. As you're probably aware, on April 13, 2022, the Court issued an order and directed, in relevant part, that "the Court shall implement a protective order for use during the discovery period—thereby reducing the prejudice against Defendant in his search for evidence and witnesses. The parties shall submit a draft order to Magistrate Judge Gorenstein for approval which permits the limited disclosure of Plaintiff's identity for discovery purposes [by May 4, 2022]." I haven't heard from you since the issuance of that order, much less been provided any drafts regarding the scope of protective order [ ] with which your client would be amenable. Kindly advise at your earliest convenience.

Given that the genesis of so much of the Court's Opinion and Order relating to this form of relief was in the favor of Defendant and granted pursuant to *his* motion, it is submitted that it was incumbent upon him to be engaged in the creation of said proposed protective order. Rather, Defendant's counsel has done absolutely nothing by way of addressing this with Plaintiff's counsel (and in fact, has neither emailed him nor called him once, much less sent draft language). As such, Plaintiff respectfully submits that Defendant has abandoned this form of relief and should be precluded from obtaining said protective order.

In the alternative, in the event the Court rejects Plaintiff's argument, Plaintiff respectfully seeks a one-week extension (to May 11, 2022) for the parties to submit a draft protective order.

Plaintiff thanks the Court for its attention to this matter.

Respectfully submitted,

Casey Wolnowski, Esq.

cc:     Defendant's counsel (*via ECF*)

Application denied for failure to comply with paragraph 2.A of the Court's Individual Practices.  Counsel should talk by telephone immediately about this.  An extension to May 11, 2022, is hereby approved.

So Ordered.

GABRIEL W. GORENSTEIN
United States Magistrate Judge
May 5, 2022

2