

**NISAR LAW GROUP, P.C.**
One Grand Central Place
60 East 42nd Street, Suite 4600
New York, NY 10165

**Casey J. Wolnowski,** *Senior Managing Counsel*
Email: cwolnowski@nisarlaw.com
Phone: (646) 889-1007
Fax: (516) 604-0157

July 19, 2022

<u>*Via ECF*</u>
Hon. Gabriel W. Gorenstein, U.S.M.J.
U.S. District Court (S.D.N.Y.)
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007-1312

MEMORANDUM ENDORSED

    Re:    Letter Motion to So Order Deposition Dates
             *Doe v. Gooding, Jr.* **(Case No.: 1:20-cv-06569 (PAC))**

Your Honor,

    This letter is submitted on behalf of the plaintiff Jane Doe ("Plaintiff") with respect to the above-captioned matter and seeks the Court to so order the agreed upon dates for taking the depositions of Plaintiff and the defendant Cuba Gooding, Jr. ("Defendant"). The parties have conferred in good faith prior to Plaintiff submitting this motion and have satisfied the meet-and-confer prerequisites of Your Honor's Individual Rules of Practice (specifically, those contained in section 2(A)).

    Throughout discovery in this case, the parties have attempted to schedule deposition dates for the parties, mostly unsuccessfully. From Plaintiff's point of view, getting Defendant to commit to a date for his deposition has been like pulling teeth, and most recently, Plaintiff's counsel has been hounding Defendant's counsel for nearly a month to commit to dates. One of the reasons this has been so difficult is that the Court previously ordered Plaintiff's deposition to go first, and Defendant has, in essence, weaponized that order by evading scheduling Plaintiff's deposition (which, ipso facto, allows them to evade scheduling Defendant's deposition).

    Nevertheless, and in any event, on July 15, 2022, the parties agreed upon two dates for depositions—August 4, 2022 (for Plaintiff's deposition to be taken), and August 11, 2022 (for Defendant's deposition to be taken). On July 16, 2022, Plaintiff's counsel (the undersigned) communicated with Defendant's counsel (Edward Sapone ("Mr. Sapone")) and asked if he (Mr. Sapone) would consent to a letter motion being filed for the Court to so order those deposition dates. The basis for this Defendant's track record—which can be gleaned by even a casual look at the docket—of not fulfilling discovery obligations causing Plaintiff to seek court intervention throughout the pendency of this matter, which gives a strong indication that Defendant will simply not show up for his deposition (which would be one of many derelictions of the discovery obligations he has committed). Defendant was unwilling to consent.

Through further communications, Mr. Sapone has sent Plaintiff's counsel his position as to why he is unwilling to consent for inclusion in this letter, which is copied and pasted below:

> I respectfully object to Plaintiff's counsel burdening the Court to 'so order' Plaintiff's and Defendant's depositions, given that Mr. Wolnowski and I have already confirmed deposition dates for both the Plaintiff and Defendant, August 4th and 11th, respectively. I spoke with Defendant to specifically confirm his availability for his deposition on August 11, 2022. That date is confirmed, and I provided it to Mr. Wolnowski who, in turn, informed me that it 'works' and that he will provide me with a time and location of his choosing. I am awaiting those details. I also have confirmed with Mr. Wolnowski that Plaintiff's deposition will take place on August 4th at my office, which is located walking distance from the courthouse. I gave Mr. Wolnowski specific details to ensure that his and his client's entry into my office building will go smoothly and without incident. I laid out a plan that contemplates timing and that includes the start time, a lunch break, and my view of the anticipated duration of the deposition. Mr. Wolnowski claims that he 'cannot trust that [my] client will actually appear on August 11 without a court order,' yet my client has never failed to appear for a scheduled deposition. Respectfully, since this case was filed, Plaintiff's counsel has repeatedly interrupted the Court with unnecessary requests regarding communications between counsel, and the Court has ordered that Mr. Wolnowski focus on communicating with me and has chosen not to get involved. Given that Mr. Wolnowski asked me to supply him with potential dates for these depositions, and I supplied those dates to him and we have confirmed them, I do not believe that it is necessary or appropriate to, once again, involve the Court in an issue involving discovery, especially when Mr. Wolnowski and I are in full agreement as to these dates, and there is no dispute whatsoever.

In sum, Plaintiff's counsel believes that without a court order for Defendant to appear for his deposition, he simply won't show up which is going to cause the parties to once again have to reach out to the Court to address this.

Plaintiff and counsel thank the Court for its attention to this matter.

Respectfully submitted,

_____
Casey J. Wolnowski, Esq.
*Attorney for Plaintiff*

Application denied, both because this letter fails to comply with paragraph 2.A of this Court's Individual Practices and because the requested order is unnecessary inasmuch as sanctions are available for a party's failure to appear at a deposition regardless of whether the deposition is court-ordered, see Fed. R. Civ. P. 37(d).

So Ordered.

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge
July 19, 2022