

**NISAR LAW GROUP, P.C.**
One Grand Central Place
60 East 42nd Street, Suite 4600
New York, NY 10165

**Casey J. Wolnowski,** *Senior Managing Counsel*
Email: cwolnowski@nisarlaw.com
Phone: (646) 889-1007
Fax: (516) 604-0157

October 12, 2022

<u>*Via ECF*</u>
Hon. Gabriel W. Gorenstein, U.S.M.J.
U.S. District Court (S.D.N.Y.)
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007-1312

  Re: **Letter Motion Requesting Pre-Motion Conference to Seek to Re-open a Deposition and to Compel the Witness to Answer Questions she Previously Refused to Answer**

    ***Doe v. Gooding, Jr.*** **(Case No.: 1:20-cv-06569 (PAC))**

Your Honor,

  This letter is submitted on behalf of the plaintiff Jane Doe ("Plaintiff") with respect to the above-captioned matter seeking a pre-motion conference whereat she will respectfully request an order from the Court to re-open the deposition of a non-party witness named Lamia Funti and compel her to answer questions she previously refused to answer.

  By way of background, Defendant listed in his Rule 26(a) disclosures a person by the name of Lamia Funti ("Ms. Funti") as an individual likely to have discoverable information—and specifically stated: "Ms. Funti is likely to have knowledge concerning Plaintiff's claims about the facts and circumstances of the alleged incident." It was thereafter learned through discovery that Ms. Funti was present at the restaurant/ lounge that Plaintiff visited on the evening of the incident giving rise to this legal action. (Anecdotally, Ms. Funti was also the general manager of said restaurant/ lounge).

  On July 27, 2022, Ms. Funti was served with a subpoena to testify at a deposition. Shortly thereafter, her legal counsel—an individual named William Pawlow of the firm Herzfeld & Rubin—reached out to Plaintiff's counsel—the undersigned—to advise that he represented Ms. Funti and would produce her for her deposition. Ms. Funti's deposition ultimately occurred (virtually via Zoom) on September 22, 2022.

  Insofar as is relevant, during Ms. Funti's deposition, Plaintiff's counsel asked Ms. Funti about prior cocaine use. The reason this line of questioning was advanced (and why it was/ is relevant) was because the following testimony was given at the deposition of Plaintiff herself (the deposition itself occurred on August 4, 2022):

> 5 Q. Isn't it true that Lamia [Funti] introduced
> 6 Cuba Gooding to you downstairs?
> 7 A. No, Lamia was blowing lines off the
> 8 back of the bar when I saw her.
> 9 Q. Tell me about that.
> 10 A. She was doing cocaine.
> 11 Q. When?
> 12 A. When I saw her.
> 13 Q. On August 24th [2013]?
> 14 A. Yes.
> 15 Q. What time?
> 16 A. When I got there, after midnight.

(Pl. Tr., at 255:5-16).

Notwithstanding the foregoing, at the deposition of Ms. Funti, the following exchange took place:

> 15 Q. Have you ever done cocaine?
> 16 MR. PAWLOW: Objection. I'm
> 17 going to advise the witness not to
> 18 answer. She's not here to
> 19 incriminate herself. If you would
> 20 like to get a ruling on it --
> 21 MR. WOLNOWSKI: There is
> 22 testimony that was given in the
> 23 record about your client doing drugs.
> 24 I think it's certainly fair game.
> 25 MR. PAWLOW: She just told you
> 2 that she did not do drugs that night.
> 3 MR. WOLNOWSKI: I'm asking if
> 4 she's ever done cocaine. You're
> 5 directing her not to answer?
> 6 MR. PAWLOW: I'm advising her
> 7 not to answer.
> 8 Q. Ms. Funti, you've been advised
> 9 by your attorney not to answer the
> 10 question. Will you be answering the
> 11 question or not?
> 12 A. I guess not.
> 13 MR. WOLNOWSKI: We will get a
> 14 ruling, and if that's a question that
> 15 you're going to have to answer, we
> 16 are going to have to bring you back.

Rule 26 of the Federal Rules of Civil Procedure provides for the discovery of relevant, non-privileged information which "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b). "Relevance" under Rule 26 "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any issue that is or may be in the case." *Oppenheimer Fund, Inc.*, 437 U.S. 340, 351 (1978); *V. Jay Edmund Russ & Russ & Russ*, CV 09-5437 (TCP) (AKT), 2013 U.S. Dist. LEXIS 207108, at *20-21 (E.D.N.Y. Sep. 27, 2013). Notwithstanding the foregoing principles, "[t]he party seeking discovery must make a prima facie showing that the discovery sought is more than merely a fishing expedition." *Barbara v. MarineMax, Inc.*, No. 12-CV-368, 2013 U.S. Dist. LEXIS 67018, at *2 (E.D.N.Y. May 10, 2013) (citation omitted). In general, "[a] district court has broad latitude to determine the scope of discovery and to manage the discovery process." *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012).

Here, it is submitted that it was improper for Ms. Funti to refuse to answer questions about her purported use of cocaine, especially seeing as Plaintiff herself testified that Ms. Funti was using cocaine on the night in question when they interacted with one another. Generally speaking, the use of cocaine can cause paranoia, hallucinations and can impact one's memory. As such, Ms. Funti's alleged cocaine use and how it affects her memory and perception of events is indeed a fair line of inquiry at a deposition under the circumstances. Accordingly, Plaintiff seeks to re-open the deposition of Lamia Funti and with the directive that she answer the subject question she refused to answer at her initial deposition as well as all reasonable follow-up questions about her purported use of cocaine including but not limited to the night of the incident in question. *See generally Fowler v. Vary*, 22-mc-0063 (LAK); 20-cv-9586 (LAK), 2022 U.S. Dist. LEXIS 142084, at *36-37 (S.D.N.Y. Aug. 9, 2022); *V. Jay Edmund Russ & Russ & Russ*, 2013 U.S. Dist. LEXIS 207108, at *25.

Lastly, with respect to so much of Your Honor's Individual Rules of Practice detailing having satisfied the meet and confer process, (1) the parties' attorneys met-and-conferred at Ms. Funti's deposition on September 22, 2022 and said interaction was on the record; (2) the relevant interaction lasted less than one minute; (3) the participants for the meet-and-confer were Mr. Wolnowski (representing Plaintiff) and Mr. Pawlow (representing Ms. Funti) (notably, Monica Sapone was present at the deposition representing Defendant); (4) Ms. Funti's position for not answering, as stated above, was that "[Ms. Funti is] not here to incriminate herself"; and, (5) Plaintiff's counsel advised on the record that he would be seeking a ruling and for her to return to complete her deposition.

Plaintiff and counsel thank the Court for its attention to this matter.

                                          Respectfully submitted,

                                          _____
                                          Casey J. Wolnowski, Esq.
                                          *Attorney for Plaintiff*

cc:      Defendant's counsel (*via ECF*)

William P. Pawlow (*via Email and U.S. Mail*)
*Attorney for non-party Lamia Funti*
Herzfeld & Rubin
125 Broad Street
New York, NY 10004
O: (212) 471-8489
Email: WPawlow@herzfeld-rubin.com