UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JANE DOE,                                                      :

            Plaintiff,               :     <u>MEMORANDUM OPINION</u>

  -v.-                                                         :     20 Civ. 6569 (PAC) (GWG)

CUBA GOODING, JR.,                                             :

            Defendant.               :
----------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

The defendant in this matter has made an application to compel plaintiff to produce certain discovery materials, and plaintiff has responded. (Docket ## 116, 120, 121, 124, 125). For the reasons stated below, the application is denied in part and granted in part.

<u>Background</u>

In the Court's Order of January 14, 2022, the Court warned the parties that "[a]ll discovery (as well as requests for admissions) must be initiated in time to be concluded by the deadline for all discovery." (Docket # 52 ¶ 3). It also set a deadline for any discovery applications as follows:

> Discovery motions -- that is, any application pursuant to Rules 26 through 37 or 45 -- not only must comply with ¶ 2.A. of the Court's Individual Practices but also must be made promptly after the cause for such a motion arises. In addition, absent extraordinary circumstances <u>no such application will be considered if made later than 30 days prior to the close of discovery</u>. <u>Untimely applications will be denied</u>.

<u>Id.</u> ¶ 4 (emphasis added). At the time Docket # 52 was issued, the discovery deadline was April 15, 2022. (Docket # 33).

The parties made a number of applications to extend the discovery deadline, with the final extension, which was granted on September 15, 2022, enlarging the discovery deadline until October 31, 2022. (<u>See</u> Docket # 89). Thus, Docket # 52 made October 1, 2022, the deadline for any application seeking to compel discovery, such as the instant application. While the Court had ruled on a number of discovery disputes as of October 1, 2023 (<u>e.g.</u>, Docket ## 53, 55, 58, 66, 69, 72, 78, 87), defendant never raised the disputes he now raises in the instant discovery application.

On November 1, 2022, the Court noted that discovery had "concluded in this matter" and scheduled a settlement conference. (Docket ## 93, 94). The Court ultimately adjourned the settlement conference and required the parties to "confer immediately about whether either intends to file a summary judgment motion." (Docket # 97). The Court also set a December 22, 2022, deadline for the parties to file a letter to Judge Crotty seeking permission to make any summary judgment motion. (Id.).

On February 17, 2022, defendant's attorney, Edward V. Sapone, filed a joint letter with plaintiffs that noted that discovery had concluded on October 31, 2022; that neither party believed summary judgment was appropriate; and that the next order of business was to "schedule a conference for purposes of selecting dates for commencement of trial, for any other motions the parties may wish to make, and for the final pretrial conference." (Docket # 110). Mr. Sapone stated that "[w]ith those matters scheduled, the parties can turn their focus to preparing the proposed Pretrial Order and associated documents as outlined in Your Honor's Individual Practices, section 8 (F)." Id. At a February 27, 2022, conference, Judge Crotty said he assumed that the term "motions" in the letter referred to "motion schedules that are set after you've agreed on a trial date; the motions in limine and other motions you may want to contemplate, but not discovery motions because the discovery is finished." (Docket # 113 at 9-10).

Despite these deadlines, at the February 27, 2023 conference, an attorney purporting to appear on behalf of the defendant sought to compel responses to discovery requests and led Judge Crotty to believe that no date had ever been set "for filing motions to compel." (See id. at 4-5, 7).[1] Judge Crotty ruled that the docket entry for the conference would "let you know about whatever motions I'm going to allow." (Id. at 11). The docket entry for the February 27, 2023, conference stated that the Court "will await Defendant's letter motion with regard to discovery."

Approximately five weeks later, on April 4, 2023, defendant filed the instant discovery application. (Docket # 116). In his application, defendant seeks documents concerning five topics (id. at 1-2, 6-14); the addresses and telephone numbers of four individuals plaintiff identified in her initials disclosures,(id. at 15-16); and amended answers to two interrogatories, (id. at 14-15).

Judge Crotty issued an order thereafter noting the existence of the deadline in Docket # 52 for the filing of motions relating to discovery disputes, that the docket entry was not intended as a ruling as to the timeliness of any discovery application, and that the case remained referred to the undersigned for pre-trial purposes. (Docket # 117). The undersigned then issued an order allowing for supplemental argument from the defendant on timeliness. (Docket # 118).

---

[1] This attorney has never filed a notice of appearance in this case, although he filed a letter on the ECF system after the conference. (Docket # 119). He is directed not to make any further filings in this matter until such a notice is filed.

2

The parties provided this argument (see Docket ## 120, 121), and additional letters followed (Docket ## 124, 125).

Discussion

  Defendant repeatedly insists that his application is not an application to "re-open" discovery, but rather a motion to compel, in light of the fact that he is not seeking to make any new discovery requests. (Docket # 116 at 4, 5). Notwithstanding these assertions, he cites as relevant law on the timeliness issue a case that lists factors to be considered in addressing a motion to re-open discovery. See id. at 5 (citing Pierre v. Hilton Rose Hall Resort & Spa, 2016 WL 2745821, at *3 (E.D.N.Y. May 11, 2016)). In light of the deadline in the scheduling order, we believe the more appropriate application would have been a motion seeking to extend the October 1, 2023, deadline for the filing of discovery motions for "good cause" under Fed. R. Civ. P. 16(b)(4) or Fed. R. Civ. P. 6(b)(1)(B).

  Be that as it may, we find that the factors courts use to analyze motions to re-open discovery fit comfortably into the "good cause" analysis to extend deadlines to submit discovery disputes because these factors address issues that reflect relevant considerations, such as prejudice, see, e.g., Leviton Mfg. Co., Inc. v. Reeve, 942 F. Supp. 2d 244, 254 (E.D.N.Y. 2013), (considering prejudice as part of "good cause" analysis), and the moving party's diligence, see Holmes v. Grubman, 568 F.3d 329, 335 (2d Cir. 2009) ("Whether good cause exists turns on the diligence of the moving party") (citation and internal punctuation omitted). We will modify the factors to better fit an application that seeks only to compel the production of previously-requested discovery by examining the following:

1) whether trial is imminent,
2) whether the request is opposed,
3) whether the non-moving party would be prejudiced,
4) whether the moving party was diligent in seeking to compel the previously-requested discovery,
5) whether it was foreseeable that there would be a need for the party to make the motion to compel, and
6) the likelihood that the discovery requested will result in the production of relevant evidence.

See generally Saray Dokum v. Madeni Aksam Sanayi Turizm A.S., 335 F.R.D. 50, 52 (S.D.N.Y. 2020) (articulating factors addressing a motion to re-open discovery).

  Here, trial is scheduled to begin on June 5, 2023, six weeks from now, which we view as "imminent." Plaintiff opposes the request. As to prejudice, the document requests at issue cover five areas, some of which are potentially expansive, listed as follows:

> (1) a meeting that Plaintiff and her attorney had in 2019 with the New York City Police Department and the New York County District Attorney's Office; (2) the

nature and extent of her alleged injuries; (3) her poor financial condition in 2019 and 2020, including her 2020 federal bankruptcy filing, which bears directly on her motive to bring this lawsuit and which will illuminate for the jury a variety of lies she told under oath during her court-ordered deposition; (4) Plaintiff's prior sexual assault by her father when she was 15 years old, including the resulting emotional and psychological damages; and (5) prior litigation and administrative proceedings in which Plaintiff was alleged to have engaged in acts of fraud, deception, or dishonesty.

(Docket # 116 at 1-2 (reformatted)).

Forcing the plaintiff to address the defendant's requests now would certainly prejudice the plaintiff when her time would be better spent preparing for trial. Of course, the prejudice at issue is not merely the requirement that plaintiff search for these documents were the Court to so require but also the prejudice (and delay) that would result from the Court having to resolve any disputes between the parties as to the production (or lack thereof) in time for the trial. At least one of the requests seeks notes taken by an attorney for plaintiff during a meeting and will obviously raise work product issues that would have to be resolved. Defendant's letter on the discovery dispute (minus the pages devoted to the timeliness issue) is approximately 10 single-spaced pages. (See id.).

As to whether the need to make the motion was "foreseeable" before now, plaintiff's responses to three of the discovery demands were made in April and May of 2022 (Docket ## 116-7, 116-10, 116-11), and thus any motion could have been brought as to these allegedly deficient responses nearly a year ago and long before the October 1, 2022, deadline. Indeed, the delay violated a separate provision of Docket # 52: the provision requiring that disputes be brought "promptly" to the Court's attention. (Docket # 52 ¶ 4 ). The remaining discovery responses relate to requests made on October 7, 2022, and responded to on November 21, 2022. (Docket # 116-4). While the allegedly deficient response came after the October 1, 2023, deadline provided in Docket # 52, this late response came about only because defendant served the underlying request with insufficient time left in the discovery period.[2] In any event, as described below, defendant did not act diligently even after the November 21, 2022, responses were received. Thus, the "foreseeability" factor does not favor defendant.

We turn next to the issue of whether defendant was diligent in seeking to bring the motion to compel. As discussed, defendant first raised with the Court the desire to file a motion

---

[2] The Court required that "[a]ll discovery (as well as requests for admissions) must be initiated in time to be concluded by the deadline for all discovery." (Docket # 52 ¶ 3). Because Fed. R. Civ. P. 34(b)(2)(A) allows 30 days for a response, these requests for documents were not timely. We note that the requests seem largely to have been driven by deposition testimony given by plaintiff on August 4, 2022, more than three months before the document requests were served on October 7, 2022. See Docket # 116-1.

to compel at a February 27, 2023, conference — nearly five months after the October 1, 2023, deadline. This shows an extreme lack of diligence. To excuse his neglect, defendant's counsel states that he was engaged in other legal matters and that he had certain medical problems that caused him to not attend to this obligations in this case. (See Docket # 120 at 1-2). While we are sympathetic to defense counsel's medical condition, we do not view the medical condition as having any bearing on what occurred here. The fact remains that the majority of the allegedly deficient responses were served on him in April and May 2022 and no explanation is given for the failure to act at that time. As for the period between October 1, 2022, and February 27, 2023, counsel engaged in numerous other legal matters including "two lengthy trials." (See id. at 2). Additionally, counsel attended to matters on this case during the period. Counsel filed a letter seeking to adjourn the settlement conference on November 28, 2022 (Docket # 96) and filed other letters relevant to summary judgment on December 16, 2022 (Docket # 99) and December 27, 2022 (Docket # 105). Not reflected on the docket is also a letter submitted by email to Chambers in November 2022 in relation to the planned settlement conference.

The only explanation given as to why counsel was able to attend to some matters on this case and not others is that counsel "failed to recall" the deadline imposed in Docket # 52. (Docket # 120 at 2). The issue of the specific deadline for discovery motions in Docket # 52, however, is a red herring. Case law reflects that, even where there is no court-ordered deadline to raise discovery disputes, discovery motions must normally be brought before the conclusion of the discovery deadline. See Owen v. No Parking Today, Inc., 280 F.R.D. 106, 112 (S.D.N.Y. 2011) ("A party ordinarily must file a motion to compel before the close of discovery and if it fails to do so, the motion will be deemed untimely."); accord Richardson v. City of New York, 326 Fed. Appx. 580, 582 (2d Cir. 2009) ("district court did not abuse its discretion in denying Plaintiff's motion to compel discovery, which was filed over one month after the close of discovery, as untimely"); Wellness Group, LLC v. King Bio, Inc., 2013 WL 5937722, at *1 (W.D.N.C. Nov. 4, 2013) ("Discovery motions such as motions to compel . . . must be filed prior to the close of discovery."). Certainly, it reflects a complete lack of diligence to seek to file a motion to compel not merely after the close of discovery but after the expiration of the deadline to file summary judgment motions. Thus, even if we had not set a deadline for the filing of discovery motions, no diligent attorney would wait to raise a motion to compel until the conference scheduling trial.

The remaining factor in our analysis looks to whether the motion will result in the production of relevant evidence. While we are willing to assume arguendo that this factor favors defendant, it is actually unclear whether this is even so. Plaintiff disclaims possession or knowledge of most of the material requested. (Docket # 121 at 6). In any event, this factor would not be enough to outweigh the other factors discussed above.

There is one exception to the above analysis. Defendant identifies a set of initial disclosures by plaintiff that plainly fail to comply with the requirements of Fed. R. Civ. 26(a)(1) in that the disclosure does not contain the addresses and phone numbers of certain witnesses. While plaintiff has supplied the names of attorneys purportedly representing those witnesses (id.

5

at 4), the Federal Rules of Civil Procedure do not authorize such a substitution, and plaintiff has not provided a good reason why she should not comply with the plain language of Fed. R. Civ. P. 26(a)(1). This information is relevant, and compliance will work no prejudice on plaintiff. Thus, the balance of the factors is tipped in favor of disclosure in this limited domain. Accordingly, plaintiff shall supply updated disclosures as to these witnesses within 14 days.

In sum, the Court denies the applications in Docket # 116 with the limited exception regarding the Rule 26(a)(1) disclosures addressed above.

SO ORDERED.

Dated: April 24, 2023
New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge