# SAPONE & PETRILLO, LLP

| MANHATTAN | LONG ISLAND |
|---|---|
| 40 Fulton Street, 17th Floor | 1103 Stewart Avenue, Suite 200 |
| New York, New York 10038 | Garden City, New York 11530 |
| Telephone: (212) 349-9000 | Telephone: (516) 678-2800 |
| Facsimile: (347) 408-0492 | Facsimile: (516) 977-1977 |
| E-mail: ed@saponepetrillo.com | E-mail: bill@saponepetrillo.com |

May 1, 2023

**BY ECF**

The Honorable Paul A. Crotty
United States District Judge
U.S. District Court for the
 Southern District of New York
500 Pearl Street, Courtroom 14C
New York, NY 10007-1312

    Re: *Jane Doe v. Cuba Gooding, Jr.*, No. 1:20-cv-06569-PAC-GWG

Dear Judge Crotty:

Pursuant to Rule 3(A) of Your Honor's Individual Practices, I write to respectfully request that the Court schedule a pre-motion conference in advance of Defendant filing a motion, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, to dismiss the claims in this case for lack of jurisdiction, and on the basis of judicial estoppel.

The issue of jurisdiction is not subject to waiver and may be raised by any party, or by the court itself, at any stage in the litigation. *See Carter v. HealthPort Techs.*, LLC, 822 F.3d 47, 56 (2d Cir. 2016) (explaining that the issue of standing, and, accordingly, jurisdiction, "may be raised by a party, or by a court on its own initiative, at any stage in the litigation" (*quoting Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006)). This Court lacks jurisdiction to hear this case because at the time the Complaint was filed, Plaintiff, as a debtor in bankruptcy in the United States District Court for the Middle District of Alabama, did not have standing

to pursue her claims here.  *See* ███████████████████████████, Doc. No. 1 (M.D. Al. Bankr. 2020).

It is a fundamental tenet of bankruptcy law that upon the filing and confirmation of a bankruptcy petition, all claims that a debtor has against third parties become part of the bankruptcy estate, an entity separate from the debtor.  *See Chartschlaa v. Nationwide Mut. Ins. Co.*, 538 F.3d 116, 122 (2d Cir. 2008) (holding that "causes of action owned by the debtor or arising from property of the estate" belong to the bankruptcy estate).  Plaintiff's claims against Defendant for sexual abuse in 2013 became part of her bankruptcy estate upon the filing of her bankruptcy petition in April 2020, and were no longer hers to bring in this Court.  From that point on, the Trustee in bankruptcy had sole authority to administer the debts and assets of her estate, and only the Trustee had standing to pursue the claims of sexual abuse made here.  *Id.*

As Plaintiff did not have standing to bring this case, there is no cognizable case or controversy before the Court from which jurisdiction could arise.  *See Macias v. Jzanus Ltd.*, No. 20-CV-286 (ARR) (RER), 2020 WL 6363906 (E.D.N.Y. Oct. 29, 2020) (Ross, J.) (dismissing action for lack of standing, and accordingly jurisdiction, where claim belonged to bankruptcy estate and only bankruptcy trustee had standing to pursue claim).

Additionally, the doctrine of judicial estoppel bars Plaintiff from pursuing her claims against Defendant in this Court.  The doctrine of judicial estoppel prevents a party who has taken one position under oath in a judicial proceeding from then taking an inconsistent position in a subsequent judicial proceeding.  Judicial estoppel is intended to protect the integrity of the judicial process and uphold the sanctity of the oath.  In the bankruptcy proceedings, the law required Plaintiff to disclose to the bankruptcy court and the Trustee all legal claims she had against Defendant and any other parties regardless of whether she had filed suit.  *See* 11 U.S.C.

§541.  There can be no dispute that, by April 9, 2020, when Plaintiff filed her petition in her bankruptcy case, she had a claim against Defendant for his alleged sexual assault of her in 2013.  Yet she failed to disclose it on the bankruptcy petition or schedule of assets she filed with her petition only four months before she filed the instant Complaint.  That failure was the equivalent of a representation by Plaintiff that she had no claims against Defendant.  *See BPP Illinois, LLC v. Royal Bank of Scotland Grp. PLC*, 859 F.3d 188, 194 (2d Cir. 2017) (plaintiff's "failure to list [its claim] in the schedule of assets is equivalent to a representation 'that none exist[s]'"), *quoting In re Coastal Plains, Inc.*, 179 F.3d 197, 210 (5th Cir. 1999).

Having taken the position in the bankruptcy proceedings that she did not have a claim against Defendant, Plaintiff should now be judicially estopped from taking the wholly inconsistent position here that Defendant sexually abused her.  *See Adelphia Recovery Trust v. Goldman, Sachs & Co.*, 748 F.3d 110, 117-19 (2d Cir. 2014) (upholding dismissal of fraudulent conveyance action for lack of standing based upon judicial estoppel); *In re Residential Cap., LLC*, No. 14 Cv. 2427, 519 B.R. 606, 612 (S.D.N.Y. Oct. 9, 2014) ( Koeltl, J.) (dismissing case on basis of judicial estoppel based on the plaintiff's failure to disclose claims on her bankruptcy petition).

        Respectfully submitted,

        *Edward V. Sapone*

        _____
        Edward V. Sapone (ES-2553)
        Sapone & Petrillo, LLP
        40 Fulton Street, 17th Floor
        New York, New York 10038
        Telephone: (212) 349-9000
        Email:  ed@saponepetrillo.com
        *Attorneys for Defendant Cuba Gooding, Jr.*

cc:    Casey Wolnowski, Esq.
        *Attorney for Plaintiff*