

**NISAR LAW GROUP, P.C.**
One Grand Central Place
60 East 42nd Street, Suite 4600
New York, NY 10165

**Casey J. Wolnowski,** *Senior Managing Counsel*
Email: cwolnowski@nisarlaw.com
Phone: (646) 889-1007
Fax: (516) 604-0157

May 4, 2023

<u>*Via ECF*</u>
Hon. Paul A. Crotty, U.S.D.J.
U.S. District Court (S.D.N.Y.)
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007-1312

  Re: **Opposition to Defendant's Pre-Motion Letter**
     *Doe v. Gooding, Jr.* **(Case No.: 1:20-cv-06569 (PAC))**

Your Honor,

  This letter is submitted on behalf of Plaintiff in opposition to the letter filed by Defendant at Docket ("Dkt.") 127 seeking a pre-motion conference and setting forth the basis for an anticipated motion to be made pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. The grounds for said anticipated motion are both legally and factually meritless, as will be discussed herein.

  First and foremost, Defendant relies on the case of *Chartschlaa v. Nationwide Mut. Ins. Co.*, 538 F.3d 116, 122 (2d Cir. 2008) for the premise that the Trustee in bankruptcy had sole authority to administer Plaintiff's estate and only the Trustee had standing to pursue the instant claims in this lawsuit. While this may be true if Plaintiff had filed for bankruptcy under Chapter 7 (*Chartschlaa* regards a Chapter 7 debtor), such is not the law for somebody who has filed for bankruptcy under Chapter 13. To this end, "a Chapter 13 debtor, unlike a Chapter 7 debtor, has standing to litigate causes of action that are not part of a case under title 11 [the United States Bankruptcy Code]." *Olick v. Parker & Parsley Petroleum Co.*, 145 F.3d 513, 515 (2d Cir. 1998).

Defendant neglects to inform the Court of this important distinction. This is so even despite the docket filing referenced at the top of page two of his pre-motion letter (i.e., referencing Doc. No. 1) *explicitly* stating that Plaintiff had filed her bankruptcy petition under Chapter 13.[1]

Nevertheless, on the same day Plaintiff's bankruptcy petition was filed (i.e., April 9, 2020), a "Chapter 13 Plan" was also filed. Bankruptcy Docket ("Bk. Dkt.") 5. Notably, in said plan, Plaintiff explicitly retained her rights to pursue any pre- or post-petition claims and pledged the "net, non-exempt proceeds of any such claim, lawsuit, cause of action, etc. to the trustee to the extent necessary to comply with 11 U.S.C. § 1325(a)(4), best interest and disposable income tests." Dkt. 5 at § 17-5. Defendant neglects to alert the Court as to this as well.

Thereafter, when it was realized that the disposition of this matter would need to be via a lawsuit, Plaintiff's bankruptcy counsel of record informed the Trustee's office on June 8, 2020 as to the potential lawsuit and the unique situation of Plaintiff potentially filing a lawsuit under the pseudonym "Jane Doe." (Understandably, Plaintiff had to navigate this delicately as she could not ostensibly list the defendant (i.e., Cuba Gooding, Jr.) and her real name in one federal case yet expect to be permitted to proceed under a pseudonym in a separate federal case.) As such, bankruptcy counsel was advised by the Trustee to amend the Schedule B so as to list this claim, but to do so generically so as to not reveal her true name for the reason above. The Trustee was fully apprised of the claim Plaintiff was to pursue and advised bankruptcy counsel who followed her instructions so as to not run afoul of any bankruptcy rules. This Amended Schedule B was filed on August 5, 2020. Bk. Dkt. 22.[2] The debtor's second amended plan was thereafter filed

---

[1] Significantly, on the first page of the filing, there are four boxes one can check so as to signify under which Chapter the bankruptcy petition is being filed. The box next to "Chapter 13" is clearly marked (with no other boxes marked).
[2] The instant action was filed on August 18, 2020. Dkt. 1.

with the bankruptcy court on August 11, 2020, reserving notice to all creditors, and said plan was confirmed by the bankruptcy judge on September 17, 2020. Bk. Dkt. 28.

In Defendant's letter, he avers that in the bankruptcy proceedings, the law required Plaintiff to disclose to the court and the Trustee all legal claims she had against Defendant and any other parties regardless of whether she had filed suit, and that she failed to do so. This is simply factually inaccurate and even a casual review of the filings in the bankruptcy court would have revealed this to Defendant. Defendant has either neglected to review the bankruptcy filings thoroughly or is intentionally trying to mislead the Court.

In any event, in sum, Defendant is misconstruing the relevant law and cherry-picking facts to make what will ultimately be a motion that is completely and utterly without merit. Plaintiff clearly has standing to pursue the instant claim. Further, Plaintiff is not barred by the doctrine of judicial estoppel as she has not taken inconsistent positions in judicial proceedings.

As such, Defendant should not waste the Court's time in making what would amount to a frivolous motion.

Plaintiff and counsel thank the Court for its attention to this matter.

                                        Respectfully submitted,

                                        _____
                                        Casey J. Wolnowski, Esq.
                                        *Attorney for Plaintiff*

cc:     Defendant's counsel (*via ECF*)