UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------X   Case No.: 1:20-cv-06569

JANE DOE,

                                  Plaintiff,

            -against-

CUBA GOODING, JR.,

                                Defendant.

----------------------------------------------------------------------X

      The parties having conferred among themselves and with the Court pursuant to Fed. R. Civ. P. 15, the following statements, directions, and agreements are adopted as the Pretrial Order herein.

## I. NATURE OF THE CASE

**Plaintiff's Position:**

      Plaintiff brings this action pursuant to New York City's Victims of Gender-Motivated Violence Protection Law, New York City Administrative Code § 10-1101, *et seq.* alleging she suffered sexual assaults at the hands of Defendant which amounted to violence committed on the basis of gender, and due, at least in part, to an animus based on gender, causing her emotional distress damages.

**Defendant's Position:**

      XXXX

## II. JURY/ NON-JURY

      A jury is demanded by Plaintiff. There is no dispute that this case should be tried by a jury. Plaintiff anticipates the trial to last 3-4 days.

## III. STIPULATED FACTS

      There are no stipulated facts.

## IV. PARTIES' CONTENTIONS

      The pleadings are deemed amended to embrace the following, and only the following contentions of the parties:

**A. Plaintiff's Contentions:**

Plaintiff contends she was subjected to acts of gender-motivated violence at the hands of Defendant on the evening of August 24, 2013 or early morning hours of August 25, 2013, in violation of New York City's Victims of Gender-Motivated Violence Protection Law, New York City Administrative Code § 10-1101, *et seq.*, causing her damages. *See, e.g., Breest v Haggis*, 115 N.Y.S.3d 322 (N.Y. App. Div. 1st Dept. 2019).

Plaintiff avers that the only question of fact is whether Defendant subjected her to acts of gender-motivated violence when he, according to her, sexually assaulted her, or rather, according to Defendant, whether Plaintiff and Defendant engaged in a mutually consensual sexual encounter.

Plaintiff does not believe there are any questions of law expected to arise at trial, thus no pretrial memorandum on this is submitted on her behalf.

**B. Defendant's Contentions:**

XXXX

## V.   ISSUES TO BE TRIED

Plaintiff does not anticipate any questions of law to arise at trial.

## VI.   PLAINTIFF'S EXHIBITS

*Plaintiff's Exhibits:*

| PROPOSED TRIAL EXHIBIT | DESCRIPTION | DEFENDANT'S OBJECTIONS |
|---|---|---|
| 1 | Photographs taken from the evening of August 24, 2013 at Le Souk (Bates Stamp Nos. P001-003, exchanged in discovery) | |
| 2 | Sworn Declaration of Elizabeth Guerra (Bates Stamp No. Nos. P008-009, exchanged in discovery) | |
| 3 | Declaration of Remona Biddle-Jackson (Bates Stamp No. P010-011, exchanged in discovery) | |
| 4 | Declaration of Shannon Lunsford (Bates Stamp No. P018-019, exchanged in discovery) | |

| | |
|---|---|
| 5 | Facebook post made by Lamia Funti on April 14, 2015*[1]<br>(Pl. Exh. 8 supplied at Funti deposition, exchanged in discovery) |
| 6 | Facebook post made by Lamia Funti on September 21, 2010*<br>(Pl. Exh. 9 supplied at Funti deposition, exchanged in discovery) |
| 7 | Facebook posts made by Lamia Funti on January 21, 2011*<br>(Pl. Exh. 10 supplied at Funti deposition, exchanged in discovery) |
| 8 | Facebook post made by Lamia Funti on March 5, 2011*<br>(Pl. Exh. 11 supplied at Funti deposition, exchanged in discovery) |
| 9 | Facebook post made by Lamia Funti on June 26, 2014*<br>(Pl. Exh. 12 supplied at Funti deposition, exchanged in discovery) |
| 10 | Facebook post on Lamia Funti's Facebook page (date unknown)*<br>(Pl. Exh. 13 supplied at Funti deposition, exchanged in discovery) |
| 11 | Facebook post made by Lamia Funti (date unknown)*<br>(Pl. Exh. 14 supplied at Funti deposition, exchanged in discovery) |
| 12 | Facebook post made by Lamia Funti on March 15, 2017*<br>(Pl. Exh. 15 supplied at Funti deposition, exchanged in discovery) |
| 13 | Facebook post made by Lamia Funti (date unknown)*<br>(Pl. Exh. 16 supplied at Funti deposition, exchanged in discovery) |
| 14 | Facebook post made by Lamia Funti (date unknown)*<br>(Pl. Exh. 17 supplied at Funti deposition, exchanged in discovery) |
| 15 | Photograph of Plaintiff and Lamia Funti's son*<br>(Pl. Exh. 18 at Funti deposition, exchanged in discovery) |

---

[1] * - The asterisk denotes that Plaintiff intends to offer this into evidence in the event Defendant calls Lamia Funti as a witness.

| 16 | Photograph of Lamia Funti and child* (Pl. Exh. 19 at Funti deposition, exchanged in discovery) | |

All documents included in Plaintiff's exhibit list were produced during the course of discovery and/ or identified during depositions taken by Plaintiff's counsel.

## VII. DEFENDANT'S EXHIBITS

XXXX

## VIII. STIPULATIONS AND OBJECTIONS TO EXHIBITS

See chart above.

## IX. PLAINTIFF'S WITNESS LIST

*Plaintiff's Witnesses:*

| WITNESS' NAME AND ADDRESS | ANTICIPATED TESTIMONY | DEFENDANTS' OBJECTIONS |
|---|---|---|
| Plaintiff Jane Doe c/o Nisar Law Group, P.C. | Plaintiff will testify as to being subjected to acts of gender-motivated violence at the hands of Defendant and the damages she has been caused to suffer as a result. | |
| Remona Biddle-Jackson, 2607 Hollow Bend, Mesquite, TX 75150 | Biddle-Jackson will testify as to non-consensual sexual assault/ sexual conduct suffered at the hands of Defendant consistent with her declaration previously filed with the Court at Dkt. No. 131-3. | |
| Elizabeth Guerra P.O. Box 110375 Naples, FL 34108 | Guerra will testify as to non-consensual sexual assault/ sexual conduct suffered at the hands of Defendant consistent with her declaration previously filed with the Court at Dkt. No. 131-2. | |

| | | |
|---|---|---|
| Kelsey Harbert<br>878 17th Street, Unit 519<br>Denver, CO 80202 | Harbert will testify as to non-consensual sexual assault/ sexual conduct suffered at the hands of Defendant consistent with her testimony at Defendant's April 13, 2022 criminal plea hearing (transcript at Dkt. No. 131-1). | |
| Shannon Lunsford,<br>6701 Williamette Drive,<br>Austin, TX 78723 | Lunsford will testify as to non-consensual sexual assault/ sexual conduct suffered at the hands of Defendant consistent with her declarations previously filed with the Court at Dkt. Nos. 131-4, 145-1. | |
| Joe Eckardt<br>976 Corto Street<br>Simi Valley, CA 93065 | Eckardt will testify as to Defendant's motive or plan of subjecting women to non-consensual acts of the sexual nature, including personally witnessing him implement said plan and one woman claim he forced her to engage in nonconsensual sexual activity through use of said plan | |

All Plaintiff's witnesses will give live testimony. None will be done by deposition designation.

## X.    DEFENDANT'S WITNESS LIST

XXXX

## XI.    MOTIONS *IN LIMINE*

The parties previously filed their respective motions *in limine*. Dkt. Nos. 130-138, 142-145.

## XII.    ADDITIONAL REQUIREMENTS IN JURY CASES

Plaintiff has previously filed her requests to charge, proposed jury instructions and *voir dire* questions. Dkt. No. 150.

## XIII.  RELIEF SOUGHT

Plaintiff seeks compensatory damages in the form of emotional distress damages as well as punitive damages. In the event liability is proven, Plaintiff would also seek recovery of attorneys' fees and costs.

Under the New York City Human Rights Law ("NYCHRL"), Ms. Doe is entitled to damages for any emotional distress, pain or suffering that she has experienced or which she can reasonably be expected to experience in the future as a result of a Defendant's unlawful conduct, if the jury finds that any such unlawful conduct has occurred. N.Y.C. Admin. Code §§ 8-120(a), 8-502(a).

In order to recover damages for emotional distress, Ms. Doe must present credible evidence with respect to the nature, character, duration and severity of the claimed emotional distress. Psychiatric or other medical treatment is not a precondition to recovery, however. Nor is Ms. Doe required to prove her claim through expert medical testimony. A jury may, however, consider whether psychiatric or medical treatment was sought in determining whether a damage award for emotional distress is appropriate. The purpose of a compensatory damage award is to compensate Ms. Doe for the actual mental or emotional injuries she suffered or will suffer as a direct result of a Defendant's actions. There is no exact standard to be applied. A jury must award an amount that is fair and just in light of the evidence. The purpose of a compensatory damage award for emotional distress, pain or suffering is not to punish defendant.

Under the statute, Ms. Doe is also entitled to punitive damages. N.Y.C. Admin. Code §§ 8-120(a), 8-502(a). Punitive damages may be awarded for the purpose of punishing a defendant for that defendant's wrongful conduct and to deter others from engaging in similar wrongful conduct. Punitive damages are intended to protect the community, and to be an expression of the jury's indignation at a defendant's misconduct.

If the jury finds in Ms. Doe's favor on her claim under the NYCHRL, a jury may, but is not required to, award punitive damages on that claim. To establish her entitlement to punitive damages under the statute, Ms. Doe must show, by a preponderance of the evidence, that Defendant's actions amounted to willful or wanton negligence, or recklessness, or where there is a conscious disregard of the rights of others or conduct so reckless as to amount to such disregard.

A prevailing plaintiff may be awarded reasonable attorneys' fees and costs under the NYCHRL. N.Y.C. Admin. Code § 8-502(f). In awarding fees under the NYCHRL, courts apply the same analytical framework used in federal civil rights cases. *See, e.g., Hugee v. Kimso Apartments, LLC*, 852 F. Supp. 2d 281, 297 (E.D.N.Y. 2012). The Court must undertake the "lodestar" inquiry. The lodestar figure is calculated by multiplying the prevailing billing rates by the hours reasonably expended on successful claims. The lodestar figure represents a

6

presumptively reasonable fee, as it takes into account most, if not all, of the relevant factors constituting a "reasonable" attorneys' fee. *See Clark v. Gotham Lasik, PLLC*, 11 Civ. 1307 (LGS) (JCF), 2013 U.S. Dist. LEXIS 119012, at *14 (S.D.N.Y. Aug. 2, 2013) (citations and edits omitted).

Dated: May 29, 2023

| **NISAR LAW GROUP, P.C.** | **SAPONE & PETRILLO, LLP** |
|---|---|
| *Attorneys for Plaintiff* | *Attorney for Defendant* |
| 60 East 42nd St., Ste. 4600 | 40 Fulton Street, 17th Floor |
| New York, NY  10165 | New York, NY 10038 |
| Ph: (646) 889-1007 | |

By: _____         By:_____
    Casey Wolnowski, Esq.                                         Edward Sapone, Esq.

SO ORDERED:

_____
Hon. Paul A. Crotty
United States District Judge

Dated: New York, New York
_____, 2023

7