UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

JANE DOE,

              *Plaintiff*,

   -against-

CUBA GOODING, JR.,

              *Defendant.*

----------------------------------------------------------------x

20-cv-06569 (PAC)

**ORDER & OPINION**

Plaintiff Jane Doe brings this diversity action alleging Defendant Cuba Gooding, Jr. sexually assaulted her. Currently pending before the Court is Plaintiff's motion to maintain her "Jane Doe" pseudonym as the case approaches trial. The Court previously addressed the use of the pseudonym during pretrial proceedings, denying Defendant's motion to amend the pleadings and allowing Plaintiff to proceed pseudonymously. *Doe v. Gooding*, No. 20-CV-06569 (PAC), 2022 WL 1104750, at *7 (S.D.N.Y. Apr. 13, 2022). However, in doing so, the Court noted that it was "skeptical that Plaintiff can overcome the presumption of public disclosure in the long run" and allowed for revisitation of the issue closer to trial. *Id.* At a hearing on May 11, 2023, the Court once again raised the issue, and ordered Plaintiff to file a motion to maintain the pseudonym at trial. The Court now **DENIES** that motion, and **ORDERS** Plaintiff to file an amended complaint bearing her legal name.

Rule 10(a) of the Federal Rules of Civil Procedure mandates that pleadings contain the names of all parties. Fed. R. Civ. P. 10(a). Underlying this rule is the principle in favor of public access to court proceedings. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (quotations omitted) ("The presumption of access is based on the need for federal courts,

1

although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice."). When a Court considers the use of a pseudonym—depriving the public access to full information on the case—it must "balance[] the interests at stake in reaching its conclusion." *Gooding*, 2022 WL 1104750, at *4 (quoting *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008)).

The factors to consider in this balancing inquiry were laid out by the Second Circuit and considered by this Court in its prior opinion on the matter:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Gooding*, 2022 WL 1104750, at *4 n.7 (quoting *Sealed Plaintiff*, 537 F.3d at 190). On April 13, 2022, the Court allowed Plaintiff to proceed pseudonymously, but noted that the "myriad *Sealed Plaintiff* factors do not weigh definitively towards sealing or unsealing in this case." *Id.* at 7. Considering, however, the consequences of revealing Plaintiff's name, the Court found reason to allow her pseudonymity for the preliminary stages of the litigation. *Id.* Two years later and approaching trial, the Court reevaluates the *Sealed Plaintiff* factors. While many of the Court's

2

prior determinations on the factors remain applicable, the calculation has now changed because there is more substantial prejudice to Defendant. The factors thus weigh in favor of disclosure.

As the Court previously noted, the prejudice a defendant faces when a plaintiff uses a pseudonym increases when the parties go to trial. *See id.* ("[T]he Court recognizes that prejudice would substantially increase at trial, where anonymity could affect witness confrontation, evidence presentation, and jury perception."); *see Doe v. Delta Airlines, Inc.*, 310 F.R.D. 222, 225 (S.D.N.Y. 2015), *aff'd*, 672 F. App'x 48 (2d Cir. 2016) ("A different balance of interests, [] comes into play at the trial phase, because a jury will now be called upon to resolve critical issues of credibility."). When a plaintiff proceeds under a pseudonym, the Court risks "giving [her] claim greater stature or dignity or otherwise confusing or distracting the jury." *Lawson v. Rubin*, No. 17-CV-6404 (BMC)(SMG), 2019 WL 5291205, at *3 (E.D.N.Y. Oct. 18, 2019) (quotations omitted). Additionally, the use of a pseudonym risks confusing a jury, as "the jurors will likely construe the Court's permission for the plaintiff to conceal her true identity as a subliminal comment on the harm the alleged encounter with the defendant has caused the plaintiff." *Id.* (quoting *Doe v. Cabrera*, 307 F.R.D. 1, 10 (D.D.C. 2014)).[1]

Mostly sidestepping the issue of prejudice to Defendant at trial, Plaintiff focuses instead on the need "to protect [Plaintiff] from harassment, injury, ridicule or personal embarrassment." Pl.'s Mot. at 2, ECF No. 149 (quoting *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1980)). Undeniably, Plaintiff has a privacy interest at stake, and the Court previously acknowledged that interest. *Gooding*, 2022 WL 1104750, at *5. But the newest evidence presented by Plaintiff does not change the Court's calculation.

---

[1] This is a risk that cannot be mitigated by Plaintiff's suggested, unorthodox tactic of using Plaintiff's first name and last initial at trial, as it would still be clear to a jury that the Court sought to shield her identity.

3

First, Plaintiff focuses on the comments and threats of Defendant's former attorney, Mark Heller. Specifically, Heller called Plaintiff's accusations "false and perjurious" and threatened to pursue criminal charges against several other women who accused Defendant of similar conduct. Pl.'s Mot. at 3. These comments are irrelevant as they date back years, the vast majority are targeted at Defendant's other accusers, and Heller is no longer Defendant's attorney. In fact, by Plaintiff's own admission, Heller has been disbarred in New York and is unable to practice law. *Id.*; *Matter of Heller*, 164 N.Y.S.3d 138, 140 (N.Y. App. Div. 1st Dep't 2022) (accepting Mr. Heller's voluntary resignation and disbarring him). The threats of pursuing charges are therefore baseless and do not change the Court's evaluation of the *Sealed Plaintiff* factors.

Second, Plaintiff highlights an incident at a recent hearing involving an untimely discovery dispute and several subsequent news articles. Defendant's counsel made comments at the hearing related to (1) comments Plaintiff made during her bankruptcy proceedings; (2) Plaintiff's history of sexual trauma; and (3) Plaintiff's conduct after the alleged incident with Defendant. Hearing Tr. at 8:19–24, 11:22–25, 12:13–22, ECF No. 113. After making the request to file a motion to compel,[2] Defendant's counsel purportedly spoke with the press regarding these allegations, and several unflattering news articles were published about Plaintiff.[3] Even taking Plaintiff's entire

---

[2] The Court referred the motion to the Honorable Gabriel W. Gorenstein, who granted in part and denied in part Defendant's requests. *Doe v. Gooding*, No. 20-CV-6569 (PAC)(GWG), 2023 WL 3047037, at *1 (S.D.N.Y. Apr. 24, 2023).

[3] Pl.'s Mot. at 5–6; Ashley Collman & Natalie Musumeci, *Cuba Gooding Jr.'s Lawyers Say Witnesses Heard Alleged Rape Victim Bragging About Having Sex With Him That Night*, Insider (Feb 28, 2023, 4:56 PM), https://www.insider.com/alleged-rape-victim-bragged-sex-with-cuba-gooding-jr-lawyers-2023-2#:%7E:text=Lawyers%20for%20Cuba%20Gooding%20Jr,District%20Court%20Judge%20Paul%20A; Tracy Wright & Marta Dhanis, *Cuba Gooding Jr. Rape Lawsuit Trial Set For June*, Fox News (Feb. 27, 2023, 5:16 PM), https://www.foxnews.com/entertainment/cuba-gooding-jr-rape-lawsuit-trial-set-june.

4

characterization of the events as true,[4] the factors do not tip in Plaintiff's favor. Under this District's precedent, "public humiliation and embarrassment . . . are not sufficient grounds for allowing a plaintiff in a civil suit to proceed anonymously." *Doe v. Shakur*, 164 F.R.D. 359, 362 (S.D.N.Y. 1996). This discovery excursion, while unseemly, resulted in nothing more than unflattering online coverage of Plaintiff. Such a harm is not sufficient to warrant Plaintiff's pseudonymity at trial and is instead the type of "unfortunate consequence" that "[m]any who make accusations against public figures are forced to endure." *Rapp v. Fowler*, 537 F. Supp. 3d 521, 530 n.50 (S.D.N.Y. 2021); *see also Doe v. Weinstein*, 484 F. Supp. 3d 90, 95–96 (S.D.N.Y. 2020) (finding disclosure of a sexual assault victim's name was warranted despite likely media attention).

Finally, even if the Court credits the threats Plaintiff presented, her motion still fails because she did not provide the Court with documentation of any specific psychological injury she suffered resulting from the conduct of Defendant and his attorneys. "[A]bsent more direct evidence linking disclosure of her name to a specific physical or mental injury," a plaintiff may not rely on an alleged, generalized psychological harm to proceed under a pseudonym at trial. *Doe v. Gong Xi Fa Cai, Inc.*, No. 19-CV-2678 (RA), 2019 WL 3034793, at *2 (S.D.N.Y. July 10, 2019); *see also Doe v. Freydin*, No. 21 CIV. 8371 (NRB), 2021 WL 4991731, at *2 (S.D.N.Y. Oct. 27, 2021).

---

[4] Defendant vehemently disputes Plaintiff's characterization of these events.

5

## CONCLUSION

Plaintiff's motion to maintain a pseudonym is **DENIED**. Plaintiff shall file an amended complaint containing her name no later 12:00 PM on Monday, June 5, 2023.[5] The Clerk of Court is directed to close the motion at ECF No. 148.

Dated: New York, New York  
June 2, 2023

SO ORDERED

*Paul A. Crotty*

HONORABLE PAUL A. CROTTY  
United States District Judge

---

[5] Plaintiff's request in the alternative to allow use of the pseudonym until the jury panel is called is also **DENIED**. Trial is scheduled to occur within mere days, rendering the benefit of such a measure negligible and the logistics of implementation needlessly complex.