UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
      JANE DOE,

                     *Plaintiff*,

        -against-

      CUBA GOODING, JR.,

                     *Defendant.*
------------------------------------------------------------x

20-cv-06569 (PAC)

**ORDER**

This Order summarizes the Court's rulings on several pretrial matters announced at the final pretrial conference held on June 1, 2023.

1. The Court **GRANTS** Plaintiff's First Motion *in Limine* (*see* Pl's Mem. 1, ECF No. 132) to admit the testimony of Elizabeth Guerra (formerly identified as "Jane Doe #2") that the Defendant attempted to digitally penetrate her anus without her consent in 2009; to admit the testimony of Shannon Lunsford that the Defendant touched her genitals without her consent in 2012; and to admit the testimony of Kelsey Harbert that the Defendant groped her breast without her consent in 2019. Federal Rule of Evidence 415(a) allows "[i]n a civil case involving a claim for relief based on a party's alleged sexual assault" the admission of "evidence that the party committed any other sexual assault," as defined in Federal Rule of Evidence 413. *See* Fed. R. Evid. 413, 415(a).[1]

---

[1] "Sexual assault" under Rule 413 means

> a crime under federal law or under state law . . . involving:
> (1) any conduct prohibited by 18 U.S.C. chapter 109A;
> (2) contact, without consent, between any part of the defendant's body—or an object—and another person's genitals or anus;
> (3) contact, without consent, between the defendant's genitals or anus and any part of another person's body;

1

Evidence admitted under Rule 415 "may be considered on any matter to which it is relevant, including the defendant's propensity to commit the alleged acts." *Boyce v. Weber*, 19-CV-3825 (JMF), 2021 WL 2821154, at *8 (S.D.N.Y. July 7, 2021) (cleaned up). Defendant does not dispute that Plaintiff's claims are based on sexual assault or that Guerra and Lunsford's allegations fall within the definition of sexual assault under Rule 413(d)(2) and/or (5).

The Court also finds that Harbert's testimony is admissible under Rules 413 and 415. Harbert's testimony that Defendant groped her breast without her consent would be a crime under New York state law. *See* N.Y. Pen. L. §§ 130.03, .10, .52(1), .55; *People v. Young*, 2006NY009433, 2006 N.Y. Misc. LEXIS 3253, at *4 (N.Y. Sup. Ct. N.Y. Cnty. May 22, 2006).[2] And while Defendant is correct that Rule 413(d) applies only to contact with particular parts of the anatomy, evidence is nevertheless admissible that tends to show a defendant's "ultimate goal" was to "bring his hands or other parts of his anatomy in contact with" the witness's genitals and/or anus. *Carroll v. Trump*, ---F. Supp. 3d. ---, 2023 WL 2441795, at *6–7 (S.D.N.Y. Mar. 10, 2023). Given Harbert's testimony and the corroborating evidence provided by the testimony of Guerra, Lunsford, Joe Eckardt (*see infra* ¶ 6), and Plaintiff herself, the jury is entitled to consider whether to infer that the "ultimate goal" of Defendant's intentions towards Harbert was to sexually assault or attempt to sexually assault her as provided for in Rule 413.

Nor does Rule 403 warrant exclusion or any of the women's testimony. *See* Fed. R. Evid. 403; *United States v. Spoor*, 904, F.3d 141, 153–55 (2d Cir. 2018). The prior acts are sufficiently similar

---

(4) deriving sexual pleasure or gratification from inflicting death, bodily injury, or physical pain on another person; or
(5) an attempt or conspiracy to engage in conduct described in subparagraphs (1)-(4).

[2] The Defendant also appears to have pled guilty in New York County Criminal Court to forcible touching of Harbert relating to the same incident. *See* Wolnowski Aff. Ex. 1, ECF No. 133.

to Plaintiff's allegations because all involve sudden sexual assaults or attempted sexual assaults connected with the Defendant and victims' presence in social settings prominently featuring drinking like festivals, bars, nightclubs, and restaurants. *See Carroll*, 2023 WL 2441795 at *7. There also appear to be no intervening circumstances. While the incidents were widely separate in time, Rule 415 "contains no temporal limits on the admissibility of evidence of other sexual assaults in a sexual assault case." *Id.* at *8. Thus, on balance, the significative probative value of the proposed testimony is not substantially outweighed by the risk of any unfair prejudice

2. The Court **DENIES** Plaintiff's Fourth Motion *in Limine* (*see* Pl.'s Mem. 1) to admit the testimony of Remona Biddle-Jackson that the Defendant groped her breast without her consent in 2011. Assuming *arguendo* that Biddle-Jackson's testimony is likewise admissible under Rule 415, given the similarity between her testimony and Harbert's testimony, any probative value is substantially outweighed by being needlessly cumulative and increasing the potential of improper bias.

3. The Court **GRANTS** Plaintiff's Fifth Motion *in Limine* (*see* Pl.'s Mem. 2, ECF No. 133) to admit the testimony of Defendant's former employee Joe Eckardt. Eckardt's testimony regarding Defendant's alleged pretext is sufficiently similar to Plaintiff's allegations and is probative of the Defendant's *modus operandi* and intent under Rule 404(b). Further, Eckardt's testimony that a woman claimed the Defendant sexually assaulted her is sufficiently similar to Plaintiff's allegations, is probative to show *modus operandi* and intent under Rule 404(b), and is admissible under Rule 803(2). To the extent there is any risk of prejudice, that risk may be

addressed in a limiting instruction. To that end, the parties are directed to submit proposed limiting instructions concerning this evidence.[3]

4. The Court **RESERVES JUDGMENT** on Plaintiff's Sixth Motion *in Limine* (*see* Pl.'s Mem. 3 at Part I, ECF No. 134) to preclude Defendant from calling a witness identified as "Maureen." The Defendant does not currently intend to call Maureen but has indicated he may wish to if he is able to locate her. The Court will consider the issue if necessary.

5. The Court **DENIES AS MOOT** Plaintiff's Seventh Motion *in Limine* (*see* Pl.'s Mem. 3 at Part II.A) to exclude testimony or references to Plaintiff's childhood abuse and trauma. The Defendant represents that he does not intend to question Plaintiff about any prior trauma, other than her 2014 sexual assault. *See infra* ¶ 11.

6. The Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's Eighth Motion *in Limine* (*see* Pl.'s Mem. 3 Part II.B) to preclude testimony or references to Plaintiff's 2020 bankruptcy. Pursuant to Rule 608(b), Defendant may inquire into Plaintiff's 2020 bankruptcy on cross-examination but may not admit her bankruptcy filings, schedules, or any other related financial documents into evidence.

7. The Court **GRANTS** Plaintiff's Ninth Motion *in Limine* (*see* Pl.'s Mem. 3 Part III) to preclude argument, comments, or cross-examination regarding Plaintiff's counsel of choice. Neither Plaintiff nor Defendant will be permitted to comment on or examine any witness regarding any party's counsel of choice. Such arguments and lines of questioning are inappropriate, irrelevant, and unfairly prejudicial.

---

[3] The Court's rulings in ¶¶ 1–5 also resolve Defendant's Motions *in Limine* in Def.'s Mem. at Parts I and II. *See* ECF No. 138.

8. The Court **DENIES AS MOOT** Defendant's First Motion *in Limine* (*see* Def.'s Mem at Part I, ECF No. 138) to preclude testimony of Natasha Ashworth because Plaintiff does not intend to call her to testify. The Court will revisit the issue if necessary.

9. The Court **GRANTS** Defendant's Second Motion *in Limine* (*see* Def.'s Mem. at Part III) to question Plaintiff about a sexual assault she experienced in 2014 pursuant to Rule 412(b)(2).[4] On June 1, 2023, the Court held an *in camera* hearing and allowed both parties and the victim the opportunity to be heard; Plaintiff did not appear, but her counsel made arguments on her behalf. Defendant complied with the procedural requirements of Rule 412(c). Testimony relating to Plaintiff's 2014 sexual assault is relevant to issues of credibility and damages and its probative value substantially outweighs the danger of harm to Plaintiff or any unfair prejudice to any party.

## CONCLUSION

In conclusion, Plaintiff and Defendant's motions *in limine* are **GRANTED IN PART** and **DENIED IN PART**. As a reminder, as officers of the court, counsel are expected to "demonstrate respect for the legal system and for those who serve it, including judges, [and] other lawyers[.]" *Ladino v. Cordova*, 21-CV-2449-ARR-SJB, 2023 WL 2915402, at *9 (E.D.N.Y. Apr. 12, 2023) (citing A.B.A. Model Rules of Pro. Conduct, Preamble ¶ 5). The Court is confident that as this case moves to trial, counsel will act with the utmost courtesy and professionalism towards one another and the Court going forward.

Dated: New York, New York  
June 2, 2023

SO ORDERED

*[signature]*

HONORABLE PAUL A. CROTTY  
United States District Judge

---

[4] This also resolves Plaintiff's Motion *in Limine* to preclude questions regarding Plaintiff's 2014 sexual assault. *See* Pl.'s Mem. at Part III.C, ECF No. 134.

5